Submitted on briefs at Pendleton May 6, affirmed May 28, 1918.

## WARM SPRINGS IRRIGATION DIST. *v.* PACIFIC LIVESTOCK CO.*

(173 Pac. 265.)

**Eminent Domain—Right to Abandon Condemnation Proceedings.**

1. An irrigation district, bringing proceedings to condemn private land for a dam and reservoir site, may abandon such proceedings any time prior to actually depositing money to be paid.

[As to discontinuance of eminent domain proceedings and at what time it may be ordered, see note in 86 Am. Dec. 199.]

**Eminent Domain Proceedings—Voluntary Nonsuit—Attorney's Fees—"Trial."**

2. Section 6868, L. O. L., as amended by Laws of 1913, page 81, providing for payment of attorney's fees to defendant in eminent domain proceedings "to be fixed by the court at the 'trial,' " has reference to main trial of the cause, and to entitle defendant to no attorney's fees upon voluntary nonsuit.

**Eminent Domain Proceedings—Costs—Common Law.**

3. A party to eminent domain proceedings, having no right to recover costs at common law, is entitled thereto only as provided by statute.

**Statutes—Construction—Intention of Legislature.**

4. A statute should be construed according to the intention of legislature enacting it, which can only be discerned by considering the statute and section as a whole.

---

*On right of condemning party to dismiss condemnation proceedings after award or verdict, and before confirmation of judgment, see note in 28 L. R. A. (N. S.) 91.

The question of validity of statutory provision for attorney's fee is discussed in notes in 17 L. R. A. (N. S.) 910 and L. R. A. 1915E, 943.

REPORTER.

**Costs—Voluntary Nonsuit.**

5.   Where the statute does not specify what costs shall be paid upon voluntary nonsuit, the usual costs provided by statute will be taxed.

**Eminent Domain Proceedings—Pleading—Tender.**

6.   In eminent domain proceedings a complaint, alleging that plaintiff offered to pay defendant $25,000 for the land; that the offer was refused; that plaintiff is ready, willing and able to pay such sum for the land,—is sufficient allegation of tender and refusal.

**Eminent Domain—Costs—Tender—Statutes.**

7.   Section 574, L. O. L., applying to actions generally and pro-. viding for costs to defendant in case of tender, before suit, of amount greater than judgment, does not apply to eminent domain proceedings; this being a special proceeding governed by Section 6868, which is exclusively applicable to eminent domain proceedings.

From Baker: GUSTAV ANDERSON, Judge.

In Banc.

Plaintiff commenced this proceeding in eminent domain against defendant, and alleged among other things that plaintiff tendered to defendant the sum of $25,000, for the lands desired to be taken for a dam and reservoir site and right of way and operation of an irrigation system, which defendant refused to accept.

Defendant answered and set up that it had employed counsel to defend the action and asked judgment for the value of their services. Plaintiff moved the court to dismiss the proceedings, without prejudice. Defendant requested the court to impose as a condition to the dismissal the payment of costs and $1,000 as a reasonable attorney's fee. The trial court granted plaintiff's motion to dismiss, and gave defendant judgment for costs, but refused judgment for the $1,000 as attorney's fee. Thereupon defendant filed its memorandum of costs and disbursements, including $1,000 counsel fees. On motion of plaintiff the court struck out the item of counsel fee, holding that defendant was not entitled thereto. Defendant appealed.                                    AFFIRMED.

For appellant there was a brief submitted over the names of *Mr. Edward F. Treadwell, Mr. P. J. Gallagher* and *Mr. John L. Rand.*

For respondent there was a brief prepared and submitted by *Messrs. Davis & Kester.*

BEAN, J.—The question to be reviewed upon this appeal depends upon the construction to be given to Section 6868, L. O. L., as amended by the General Laws of Oregon, 1913, page 81. which is as follows:

"The costs and disbursements of the defendant, including a reasonable attorney's fee to be fixed by the court at the trial, shall be taxed by the clerk and recovered from the corporation, but if it appear that such corporation tendered the defendant before commencing the action an amount equal to or greater than that assessed by the jury, in such case the corporation shall recover its costs and disbursements from the defendant, but the defendant shall not be required to pay the plaintiff's attorney fee."

1. The construction of this section as to the question involved has not been passed upon by this court. It was attempted to be presented in the case of *Portland & O. C. Ry. Co.* v. *Doyle,* 86 Or. 206 (167 Pac. 270, 168 Pac. 291), but the appeal did not permit the question to be determined. It may be stated as a premise that until plaintiff had actually deposited the money tendered, it had the right to abandon the proceeding: *Oregon R. & N. Co.* v. *Taffe,* 67 Or. 102, 111 (134 Pac. 1024, 135 Pac. 332, 515). That is in effect the present status of this case on the motion for a voluntary nonsuit. The question is, Does plaintiff by that motion incur liability, under the provision of the statute quoted, for a reasonable attorneys' fee to be fixed by the court, or do the mere costs provided for by the

statutes generally suffice to appease defendant's demands?

2. The language of the statute referred to is that the costs and disbursements of the defendant, including a reasonable attorneys' fee to be fixed by the court "at the trial," shall be taxed; but to this is attached the proviso that if it appear that plaintiff made a tender before commencing the action equal to or greater than the amount assessed by the jury, the defendant is required to pay the usual costs. Such reasonable attorneys' fee is to be fixed by the court "at the trial." A trial is the judicial examination of the issues between the parties, whether they be issues of law or fact: See "Trial," 2 Bouvier's Law Dictionary. For various purposes, a hearing on a demurrer is a trial and so is the hearing on the question of attorney's fee, as suggested by counsel; but does the statute mean such a trial, or does it mean a trial of the subject matter of the action. The subject of the litigation is the damages to the property proposed to be taken. Hearing on demurrer, attorney's fee, motion, or trial is not "the trial" as to the subject of the litigation, but of matters merely incident to and growing out of the litigation of the subject matter of the action.

When the lawmakers provided that in such a proceeding a reasonable attorney's fee should be fixed by the court "at the trial" it is apparent from the examination of the whole section and of all of the provisions for proceedings in condemnation that they had in mind the main or final trial of the cause. Before the defendant should be allowed such attorney's fee it must appear that the amount tendered by the plaintiff was less than the amount "assessed by the jury"; and if the amount tendered is equal to or more

than that assessed by the jury, "the corporation shall recover its costs and disbursements" from the defendant. Therefore, to determine whether the defendant is entitled to such attorney's fee it is, under the provision of the act indispensable that the court have knowledge of the amount tendered and also of the amount assessed by the jury. It may be true that defendant has incurred expenses, including retainers of attorneys, but that alone does not place the defendant in any different position from that of any other defendant in a case terminating by a voluntary nonsuit which is governed by the general and not the special statute. The plaintiff has, so far as this proceeding is concerned, abandoned and renounced its intention to take the property. The subject of the action has not been tried and no amount of damages has or could be assessed. In 10 R. C. L., Section 200, page 238, it is stated:

"As a general rule when condemnation proceedings are dismissed or abandoned in good faith, and without unreasonable delay, the owner of the land sought to be taken is not entitled to be made whole for the expenses to which he has been put in preparing for trial or the loss he may have suffered by the removal of tenants or interference with his plans in regard to the use of the property."

The matter is governed by statute, and the lawmakers of this state have not decreed that a reasonable attorney's fee should be paid upon a voluntary nonsuit. The opinions of the courts of other states having statutes different from Section 6868 are of no special assistance.

3–5. At common law neither party could recover costs in such a proceeding. It is strictly a matter for statutory regulation: 2 Lewis, Eminent Domain, § 812.

Section 6860, L. O. L., provides:

"Such action shall be commenced and proceeded in to final determination in the same manner as an action at law, except as in this title otherwise specially provided."

It is urged by the learned counsel for defendant that the provision, that if it appear that the plaintiff's corporation tendered to the defendant before commencing the action an amount equal to or greater than that assessed by the jury, is in the form of an exception and cannot operate until those things appear. Also that the complaint alleges no tender. In order to discern the legislative intent which is the main object we should look at the whole section and statute: Endlich, Interpretation of Statutes, § 295; *State* v. *Simon,* 20 Or. 365 (26 Pac. 170); *Duncan* v. *Dryer,* 71 Or. 548, 557 (143 Pac. 644). The arrangement of Section 6868, after a judgment and appeal therefrom has been cared for by the enactment, comes like a benediction near the close. The law contemplates that such fee shall be taxed after trial and judgment. The position of this section, with other earmarks, indicates that the legislature overlooked or made no provision for such attorney's fee in such a case if there is a voluntary nonsuit. The real question is, Who is entitled to costs? The case had not progressed far enough for a solution of that inquiry except by an application of the general provisions of the statute for the usual costs, which in the absence of statutory enactment to the contrary is the regular penalty when a voluntary nonsuit is taken. No doubt the lawmakers could increase the forfeit in such cases, but we do not find that they have attempted to do so.

6, 7. As to the alleged tender the language of the complaint is

"That plaintiff has heretofore offered to pay to defendant for said lands the sum of Twenty-five Thousand Dollars ($25,000), which sum the defendant has failed and refused to accept; and the plaintiff is ready, able and willing to pay therefor the said sum, and now here offers to pay to defendant for said lands the full sum of Twenty-five Thousand ($25,000) Dollars."

The answer questions the plaintiff's good faith and ability in making the offer on account of the amount thereof and "admits that the plaintiff has heretofore offered to pay to the defendant for said lands the sum of $25,000." As we understand the pleadings a tender was made and refused. This is a special proceeding and is governed in this respect by Section 6868. We cannot resort to Section 574, L. O. L.

We concur in the opinion of the learned trial judge. The judgment of the lower court is affirmed.

AFFIRMED.