Argued September 10, reversed November 6, 1963

## MULTNOMAH COUNTY *v.* BURBANK ET UX

386 P. 2d 444

*Willis A. West,* Deputy District Attorney, Portland, argued the cause for appellant. On the briefs were George Van Hoomissen, District Attorney, and Herbert A Perry, Deputy District Attorney, Portland.

*James O. Goodwin,* Oregon City, argued the cause for respondents. With him on the brief was Reuben Lenske, Portland.

Before McALLISTER, Chief Justice, and PERRY, O'CONNELL, DENECKE and LUSK, Justices.

McALLISTER, C. J.

This is a proceeding brought by Multnomah County to condemn for use as a public park certain land owned by defendants. On the day set for trial of the case plaintiff moved for a voluntary nonsuit which was granted. Defendants thereafter filed a cost bill including an item of $1,800 as an attorney's fee, to which item the plaintiff objected. After a hearing the court allowed the cost bill, including the attorney's fee in the sum of $1,800. Plaintiff appeals.

The question presented is whether ORS 281.330 authorizes the allowance of an attorney's fee to defendant in a condemnation proceeding instituted by a county in which a judgment of voluntary nonsuit is entered prior to trial. Since the answer depends on the construction of ORS 281.330, the section is here set out in full:

"281.330 (1) The procedure in the suit, action or proceeding shall be, as far as applicable, the procedure provided by law for the condemnation of land or right of ways by public or quasi-public corporations for public use or for corporate purposes; but ORS 281.310 to 281.330 do not require the county to make or tender compensation prior to condemning and taking possession of the lands or property and the compensation in the case shall be paid by deposit in court of a county warrant of the county for the amount of the compensation.

"(2) The costs and disbursements of the defendant including a reasonable attorney's fee to be set by the court shall be taxed by the clerk and recovered from the county; but if it appears that the county tendered to the defendant before commencing the action an amount equal to or greater than that assessed by the jury, the defendant shall not recover costs or attorney's fee.

"(3) Within 20 days after the verdict of the jury is given, the county shall file with the clerk its election to proceed with the taking of the property condemned or its election not to take the same. If the county elects not to take the property condemned, the court shall enter judgment in favor of the defendants for costs and disbursements incurred and for a reasonable attorney's fee to be fixed by the court."

■■ It is the general rule that attorney's fees are not allowable to the property owner in a condemnation proceeding in the absence of a statute authorizing their allowance. *Cereghino v. State Highway Com.*, 230 Or 439, 370 P2d 694 (1962); *Re Petition of Reeder*, 110 Or 484, 222 P 724 (1924); 31 ALR 352; 121 ALR 84. Even costs and disbursements are not allowable against the state unless authorized by statute. *State v. Ganong*, 93 Or 440, 454, 184 P 233 (1919); *Warm Springs Irr. Dist. v. Pacific L. Co.*, 89 Or 19, 23, 173 P 265 (1918).

Our first statutes setting out the procedure for condemnation proceedings by corporations possessing the power of eminent domain were enacted in 1862. See Deady, General Laws of Oregon, 1845-1864, Ch 8, Title III, p 670, §§ 40-52. Section 49 of the 1862 act provided for the recovery of costs by the defendant in the following language:

"Sec. 49. The costs and disbursements of the

defendant shall be taxed by the clerk, and recovered off the corporation; but if it appear that such corporation tendered the defendant, before commencing the action, an amount equal to, or greater than that assessed by the jury, in such case the corporation shall recover its costs and disbursements off the defendant."

It will be noted that the defendant's right to recover his costs and disbursements was made contingent upon the recovery of an amount equal to or greater than that tendered by the condemnor. This statute established the policy of the state which has been uniformly followed in later legislation.

The first Oregon statute allowing attorney's fees in condemnation proceedings was passed in 1913. Chapter 49, Oregon Laws 1913, amended § 49, Laws 1862, D 671, which in the meantime had been codified as § 6868, LOL, to read as follows:

"Sec. 6868. The costs and disbursements of the defendant, including a reasonable attorney's fee to be fixed by the court at the trial, shall be taxed by the clerk and recovered from the corporation, but if it appear that such corporation tendered the defendant before commencing the action an amount equal to or greater than that assessed by the jury, in such case the corporation shall recover its costs and disbursements from the defendant, but the defendant shall not be required to pay the plaintiff's attorney fee."

The above section without further amendment is now codified as ORS 35.110, and applies generally to condemnation proceedings not governed by special statutes.

In 1918 this court held in *Warm Springs Irr. Dist. v. Pacific L. Co.,* supra, that § 6868, LOL, as amended

by Ch 49, Oregon Laws 1913, did not authorize the allowance of an attorney's fee in a condemnation proceeding in which the condemnor took a voluntary nonsuit prior to trial. In that case this court said, 89 Or at 22, 23:

> "When the lawmakers provided that in such a proceeding a reasonable attorney's fee should be fixed by the court 'at the trial' it is apparent from the examination of the whole section and of all of the provisions for proceedings in condemnation that they had in mind the main or final trial of the cause. Before the defendant should be allowed such attorney's fee it must appear that the amount tendered by the plaintiff was less than the amount 'assessed by the jury'; and if the amount tendered is equal to or more than that assessed by the jury, 'the corporation shall recover its costs and disbursements' from the defendant. Therefore, to determine whether the defendant is entitled to such attorney's fee it is, under the provision of the act indispensable that the court have knowledge of the amount tendered and also of the amount assessed by the jury. It may be true that defendant has incurred expenses, including retainers of attorneys, but that alone does not place the defendant in any different position from that of any other defendant in a case terminating by a voluntary nonsuit which is governed by the general and not the special statute. The plaintiff has, so far as this proceeding is concerned, abandoned and renounced its intention to take the property. The subject of the action has not been tried and no amount of damages has or could be assessed.  *  *  *"

We turn now to consideration of the special statutes authorizing condemnation proceedings by a county. By ch 295, Oregon Laws 1917, a comprehensive act was passed governing the establishment of county roads and granting each county power to con-

demn land for road and related purposes. Section 28 of the act provided that the procedure in county condemnation proceedings should be "as far as applicable, the procedure provided for in and by the laws of this State for the condemnation of land or rights of way by public or quasi-public corporations for public use or for corporate purposes * * *." It will be noted that by thus adopting the procedure specified for general condemnation proceedings the legislature obligated the counties to pay attorney's fees to a defendant if he recovered more than the county had tendered him prior to commencement of the action.

Apparently the counties and other public bodies were not eager to pay attorney's fees in condemnation cases. In 1919 the recovery of attorney's fees, except for the nominal statutory fee, was prohibited in condemnation proceedings brought by the State Highway Commission. See ch 182, Oregon Laws 1919. In 1923 the liability of counties for the payment of attorney's fees in condemnation proceedings was similarly limited to the statutory fee. Chapter 267, Oregon Laws 1923, amended § 28 of ch 295, Oregon Laws 1917, which in the meantime had been codified as § 4563, OL, to read as follows:

"Sec. 4563. The procedure in said suit, action or proceeding shall be, as far as applicable, the procedure provided for in and by the laws of this state for the condemnation of land or rights of way by public or quasipublic corporations for public use or for corporate purposes; * * *. The costs and disbursements of the defendant shall be taxed by the clerk and recovered off the county. If it appear, however, that the county tendered to the defendant before commencing the action an amount equal to or greater than that assessed by the jury,

the defendant shall not recover costs; *provided, however, that in no event shall the defendant be entitled to tax as costs attorney's fees against the county other than the statutory prevailing attorney fee.*" [Emphasis added.]

The counties remained free from liability for the payment of attorney's fees in condemnation cases until 1947, when such liability was again imposed by ch 553, Oregon Laws 1947, the pertinent portion of which reads as follows:

"Sec. 100-1230. * * * The costs and disbursements of the defendant including a reasonable attorney's fee to be set by the court shall be taxed by the clerk and recovered off the county. If it appear, however, that the county tendered to the defendant before commencing the action an amount equal to or greater than that assessed by the jury, the defendant shall not recover costs, or attorney's fee. Within 20 days after the verdict of the jury is given, the county shall file with the clerk its election to proceed with the taking of the property condemned, or its election not to take the same, and, if the county elects not to take the property condemned, the court shall enter judgment in favor of the defendants for costs and disbursements incurred and for a reasonable attorney's fee to be fixed by the court."

It will be noted that ch 553, Oregon Laws 1947, is now codified as subsections (2) and (3) of ORS 281.330, set out earlier in this opinion.

It will be further noted that when the legislature decided in 1947 to again subject the counties to liability for the payment of attorney's fees in condemnation proceedings, it used, with only one modification, the language of ch 49, Oregon Laws 1913, which had been

construed by this court in *Warm Springs Irr. Dist. v. Pacific L. Co.,* supra.

The modification consisted of dropping from the 1913 version the provision requiring the attorney's fees to be fixed "at the trial." Except for that modification, there could be no question but that the legislature in 1947 had adopted the language of the 1913 act as construed by this court in the *Warm Springs* case.

Defendant in this case argues that the holding in the *Warm Springs* case was controlled by the provision in the 1913 statute requiring that the attorney's fees be fixed by the court "at the trial." It is true that the court in the *Warm Springs* case did discuss the effect of the words "at the trial", and may have based its construction of the statute in part on those words. We believe, however, that a careful reading of the opinion will show that the court based its decision primarily on the ground that the entire sentence comprising the statute should be read together, and that when so read "it must appear that the amount tendered by the plaintiff was less than the amount 'assessed by the jury'."

In *State v. Ganong,* supra, this court held that the phrase used in the 1913 act "to be fixed by the court at the trial" meant that the attorney's fees must be fixed at the trial by the jury in a jury case, or by the court in a case tried without a jury. We think the legislature in omitting the words "at the trial" from the 1947 act intended only to permit the judge to fix the attorney's fees in a supplemental proceeding after the trial. As we pointed out in *State Highway Com. v. Kendrick,* 227 Or 608, 363 P2d 1078, this has been the uniform practice since 1947 in state highway con-

demnation proceedings in which the allowance of attorney's fees was authorized by ch 553, Oregon Laws 1947, which also omitted the words "at the trial" from the 1913 act.

■ We think it would be judicial legislation to construe into § 2, ORS 281.330 a legislative intention that attorney's fees are authorized thereby even though there is no jury award to compare with the amount tendered before the commencement of the action. If the legislature intended to provide for the allowance of attorney's fees when the condemnor takes a nonsuit before trial, we think it would have so provided. The legislature did provide specifically in subsection (3) of ORS 281.330 for the recovery of attorney's fees in the event the condemnor abandons the proceeding after verdict. That circumstance seems to negative a legislative intent to allow attorney's fees in the case of an earlier abandonment.

The judgment of the lower court is reversed.