Argued June 5, affirmed July 16, 1969

HEWITT et al., *Respondents and cross-appellants, v.* LANE COUNTY, *Appellant and cross-respondent.*

456 P2d 967

*Michael E. Murphy,* Deputy District Attorney, Eugene, argued the cause for appellant and cross-respondent. With him on the briefs was John B. Leahy, District Attorney, Eugene.

*Vernon D. Gleaves,* Eugene, argued the cause for respondents and cross-appellants. On the brief were Butler, Husk & Gleaves, Eugene.

Before SLOAN, Presiding Justice, and O'CONNELL, GOODWIN, DENECKE* and HOLMAN, Justices.

GOODWIN, J.

The question in this appeal is whether, by proceeding under ORS ch 368 instead of chapter 281, a county can avoid liability for attorney fees when it loses a contest over just compensation for land taken for highway purposes.

In 1967, the Board of Commissioners of Lane County appointed a board of viewers to locate a new road and to assess the compensation to be paid landowners whose property would be taken for the road. The viewers, proceeding under ORS 368.475, made their report and fixed the damages for the Hewitts at $8,325.00. The Hewitts appealed to the circuit court as provided by ORS 368.525. The jury in the circuit court awarded the Hewitts $25,000, and the court allowed an additional $4,000 as attorney fees. The county appeals from the award of attorney fees.

The county asserts that because ORS 368.525 makes no provision for attorney fees to a landowner who prevails in an appeal from the award fixed by the road viewers, no attorney fees can be allowed. The county relies upon general law to the effect that in the absence of an agreement or a statute providing for attorney fees, such fees ordinarily cannot be recovered from an opponent in litigation. See, e.g., *Draper v. Mullennex,* 225 Or 267, 357 P2d 519 (1960).

The trial court held, however, that it was not restricted to the terms of ORS 368.525, because it could look to the general constitutional and statutory scheme

---

* Denecke, J., did not participate in the decision of this case.

under which the state and its various subdivisions can acquire land for road purposes. The court concluded that it could read ORS 368.525 together with ORS 20.085 in order to carry out a legislative purpose to make whole any landowner whose property might be taken for public purposes regardless of the particular method employed by the government in taking the property. We agree with the trial court.

In 1963 we discussed the history of legislation allowing attorney fees in county land acquisitions, and observed that in the absence of statutory authority the courts do not award attorney fees against the state or its political subdivisions. *Multnomah County v. Burbank*, 235 Or 616, 618, 386 P2d 444 (1963).

The Legislative Assembly in 1965 enacted the statute now found in ORS 20.085, which reads as follows:

"In a proceeding brought under section 18, Article I or section 4, Article XI, of the Oregon Constitution by an owner of property or by a person claiming an interest in property, if the owner or other person prevails, he shall be entitled to costs and disbursements and reasonable attorney fees."

In view of the constitutional derivation of the power of the county to take, and of its liability to pay compensation, it seems clear that the reason for ORS 20.085 was to provide substantial equality to landowners whether their lands were taken by condemnation or by inverse condemnation. While proceedings under chapter 368 are not the same as inverse condemnation, they are analogous in that the landowner must seek his remedy in court. If the landowner is put to the expense of hiring an attorney in order to realize just compensation for his land, he should be entitled, if successful, to attorney fees in addition to the actual money value of the taking. To

read ORS 20.085 so as to exclude proceedings under chapter 368 would be unduly restrictive and would be inconsistent with the purposes of the remedial legislation.

The questions raised in the cross appeal are disposed of in the decision of the appeal, and the cross appeal is therefore dismissed.

Affirmed.