Argued December 9, 1969, reversed February 27, 1970

# MANIFOLD BUSINESS & INVESTMENTS, INC., *Respondent, v.* MULTNOMAH COUNTY, *Appellant.*

### 465 P. 2d 710

*Charles S. Evans,* Assistant Chief Civil Deputy, Portland, argued the cause for appellant. With him on the briefs was George Van Hoomissen, District Attorney, Portland.

No appearance for respondent.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN,* DENECKE and HOLMAN, Justices.

## DENECKE, J.

The plaintiff property owner appealed to the circuit court from an order of the county commissioners adopting the report of the road viewers and denying plaintiff damages for taking plaintiff's property for the relocation and widening of a county road. The procedure followed was that provided in ORS 368.475–368.525. On appeal, a jury awarded the plaintiff more compensation than the county allowed. The court awarded plaintiff attorney fees and defendant appeals only from that part of the judgment.

The county contended that the statute did not provide for attorney fees in this procedure; therefore, fees could not be awarded. After the appeal to this court, *Hewitt v. Lane County,* 253 Or 669, 456 P2d 967 (1969), was decided in which it was held that attorney fees are awardable. The county strongly urges us to review this decision and overrule it. It is not necessary to review the *Hewitt* decision as this case must be reversed because there is no evidence to support an allowance of attorney fees, if the allowance of fees is permissible.

There was no evidence of the services performed by plaintiff's attorney and no evidence of a reasonable fee for services. The fee was not awarded as costs and disbursements and there was nothing to support an award of fees as a part of costs and disbursements. The cost bill contains only the claim for the

---

* Goodwin, J., resigned December 19, 1969.

$10 statutory attorney fee. There was no stipulation that attorney fees could be awarded without the introduction of evidence.

"It has long been settled in Oregon that the amount of the attorney's fee to be allowed in an action at law is a question of fact to be determined by the trier of fact upon pleading and evidence in the same manner as any other question of fact. The rule is applicable whether the attorney's fee is allowed by statute;   *   *   *   or by contract;
*   *   *.

"*   *   *   *   *.

"The only exception to the rule, either in law or in equity, is when the parties stipulate that the court may fix the attorney's fee without hearing evidence on that issue." State High. Com. v. Kendrick, 227 Or 608, 610-611, 363 P2d 1078 (1961).

Reversed.