Submitted on brief May 27, affirmed June 4, 1970

BOGGS, *Respondent, v.* MULTNOMAH
COUNTY, *Appellant.*

470 P2d 159

George Van Hoomissen, District Attorney, and
Charles S. Evans, Assistant Chief Civil Deputy, Port-
land, for appellant.

No appearance for respondent.

Before Schwab, Chief Judge, and Langtry and
Fort, Judges.

LANGTRY, J.

Multnomah County condemned land for road pur-
poses under ORS ch 368, and made an award to re-
spondent landowner. The latter appealed to circuit

court from the award, and a jury allowed a substantially larger award. Multnomah County appeals from the inclusion by the court in the judgment of $1,500 for attorney fees. The county contends that inasmuch as ch 368 contains no provision for attorney fees, none may be allowed. The same contention was rejected in *Hewitt v. Lane County*, 253 Or 669, 456 P2d 967 (1969). It was held that ORS 20.085 should be read in conjunction with ORS ch 368. ORS 20.085, which was enacted in 1965, provides:

> "In a proceeding brought under section 18, Article I * * * of the Oregon Constitution by an owner of property * * * if the owner * * * prevails, he shall be entitled to costs and disbursements and reasonable attorney fees."

The Supreme Court held that the county's authority to take land derives from Art I, § 18 of the Oregon Constitution. ORS ch 368 simply sets out one procedure by which the authority is exercised. It is clear that the reason for the enactment of ORS 20.085 is to allow attorney fees and costs for a landowner who "must seek his remedy in court," whatever the procedure may be, if he prevails.

The county quotes extensively from legislative minutes pertaining to ORS 20.085 in an effort to persuade that the legislature had no intention of providing for attorney fees in cases under ORS ch 368, and urges that *Hewitt v. Lane County*, supra, should be overruled.

That case was handed down less than a year ago and we are bound by it; in any event, the county's argument is without merit. ORS 20.085 is unambiguous. The court proceeding in the case at bar was "brought by an owner of property" and he prevailed.

"In the construction of statutes the governing

rule to be followed and the one which is law and binding upon the court is to ascertain and declare the legislative intent. ORS 174.010 and 174.020. Where the language used in a statute is plain, unambiguous, and understandable, the intent of the legislature must be ascertained from that language. *Swift & Co. and Armour & Co. v. Peterson,* 192 Or 97, 108, 233 P2d 216; 82 CJS 571, Statutes, § 322(1); 82 CJS 577, Statutes, § 322(2).

"It is elementary that when the legislature, in enacting a law, makes use of plain, unambiguous, and understandable language, it is presumed to have intended precisely what its words imply. There is no occasion to go beyond those words and their plain meaning to ascertain by application of rules of statutory construction the legislative purpose." *Franklin v. State Ind. Acc. Com.,* 202 Or 237, 241, 274 P2d 279 (1954).

Affirmed.