680

Submitted on record and appellant's brief February 25, affirmed as modified and remanded March 18, 1974

In the Matter of the Dissolution of the Marriage of
McCLURE, *Respondent, and* McCLURE
(No. 72-962-E), *Appellant.*

519 P2d 1275

James C. Farrell, and Washburn, Farrell & Spence, Roseburg, for appellant.

No appearance for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and TANZER, Judges.

LANGTRY, J.

The sole issue on this appeal from a decree dissolving the marriage of the parties is the propriety of an award of support to the wife.

The parties were married in April of 1967. Two children were born of the marriage. At the time of the decree of dissolution the wife was 22, and the husband 26. The decree awarded the custody of the children to the wife and required the husband to pay child support of $125 per month per child and support to the wife of $100 per month until the death or remarriage of the wife. The decree in effect gave the wife more than she sought by her testimony which was:

"Q [Do you feel that you should have] * * * $100 for the support and maintenance for yourself until such time that you become employed, or your children start to school so you can be employed?

"A Yes.

"Q Or that you might remarry?

"A Yes."

In her complaint she had asked for indefinite support for herself.

Both parties are in good health. The wife has passed a high school-equivalency examination. The husband has completed one-half year of college. The wife has never worked. The husband has never seriously attempted working at a full-time job. During their marriage the parties lived on the income from trusts of which the husband was a beneficiary. This income varied from year to year, but over the last

three years of the marriage it averaged about $7,350 per year. When the husband reaches the age of 30 one of the trusts will terminate and he will receive a lump sum in excess of $90,000. Also at that time, unless the husband's mother revokes the other trust, he will receive an additional $78,000. Apparently based on this expectancy the trial judge ordered the payment of wife support.

■ The youngest child was born August 30, 1970. Therefore, it is reasonable to believe that child will start school in September 1976. We think that in view of the statutory guidelines contained in ORS 107.105 (1) (c)① which provide for situations where one party should pay for support of another party under the provisions of the divorce decree that support should be payable to the wife by the husband until to and including September 1976 or until the wife dies or remarries, whichever comes sooner. The amount thereof should be $100 per month, what she asked for in her testimony. We do not think that under the circum-

---

① ORS 107.105 (1) (c) provides that the court shall decree:
"* * * * *

"(c) For the support of a party * * * such amount * * * as it may be just and equitable for the other party to contribute. * * * In making such support order, the court shall consider * * *:

"(A) The duration of the marriage;
"* * * * *

"(C) Their health and conditions;

"(D) Their work experience and earning capacities;

"(E) Their financial conditions, resources and property rights;

"(F) The provisions * * * relating to custody of the minor children * * *;

"(G) The ages, health and dependency conditions of the children * * *

"* * * * *."

stances of this case there is justification of support for the wife beyond that time.

■ Under the unusual facts of this case it could be that a larger child support award would have been justified even though the mother did not seek it in her complaint. She is not foreclosed from doing so in the future, particularly at the time when the father receives the corpus in the trusts referred to above.

Affirmed as modified and remanded for entry of a decree in accordance with this opinion.