Argued November 20, affirmed as modified December 23, 1974,
reconsideration denied January 22, petition for review
allowed January 28, 1975

In the Matter of the Dissolution of the Marriage of
JENSEN, *Respondent, and* JENSEN (No. 27656),
*Appellant.*
**529 P2d 412**

*Myron L. Enfield,* Salem, argued the cause and filed the brief for appellant.

*J. W. Walton,* Corvallis, argued the cause for respondent. With him on the brief was Ringo, Walton & Eves, Corvallis.

Before Schwab, Chief Judge, and Fort and Tanzer, Judges.

TANZER, J.

This is an appeal from the support and property division provisions of a decree of dissolution of marriage.

The parties had been married for 19 years and, at the time of trial, respondent was 39 years old, appellant 41, and their three children were 17, 12 and 6. Appellant is a practicing dentist with an annual income of about $31,000. Respondent is a registered nurse with a potential income of $7,000 to $9,000 per year.

■ Appellant assigns three provisions of the decree as error: support of respondent, support of the children and the division of property. They are so in-

tegrally related, however, that we cannot consider each provision separately. We try the case *de novo* on the record, and we look to both the immediate and the continuing needs and obligations of the parties.

The trial court awarded support for the respondent of $300 per month for two years and $100 per month thereafter. See *Kitson and Kitson,* 17 Or App 648, 523 P2d 575, *rev den* (1974). It also awarded custody of the children to respondent and ordered support of $200 per month per child.

The trial court awarded property to the respondent with a net value of $112,000. The largest element of that award is a ranch which is calculated to bring respondent $108,000 upon a sale.

The net value of assets awarded to appellant is estimated by respondent to be $77,000 and by appellant to be $32,000. The principal assets are the parties' equity in a rental house (valued by respondent at $16,400 net and by appellant at $8,145 net) and the professional corporation through which appellant practices dentistry.

In reduction of those assets, it is anticipated that income taxes of $26,000 will have to be paid on the sale of the ranch awarded to respondent. The trial court ordered each party to pay half of the taxes and the calculated valuation of each award must accordingly be reduced by $13,000.

■ We agree with the trial court that the appropriate resolution of this case in both manner and proportion is to award those assets to respondent which will provide funds for a home and for investment, and to appellant those assets which will enable him to con-

tinue to earn an ample income from the practice of his profession. Such a division is equitable. Respondent will leave the marriage with substantial assets, but lower income than she enjoyed during the marriage. Appellant leaves with a substantial income and those assets which enable him to earn that income. In the long run appellant's income will enable him to again acquire a substantial estate.

■ On the other hand, appellant's immediate cash situation is difficult. He is left with few liquid assets and a sale of his professional corporation would injure his earning capacity. The support order requires that he pay out $900 per month for two years, $700 per month for another year, then $500, $300 and $100 per month as the children mature. Therefore, it is unrealistic to require that he now pay out $13,000 as half of the income taxes on the sale of the ranch when the cash proceeds go to respondent. The decree should be modified to require that appellant be relieved of that obligation and that respondent pay such taxes as may be owing.

To partially compensate for this reduction in appellant's obligation and in respondent's assets, and to increase respondent's future income, it is appropriate that the rental house which the trial court awarded to appellant be awarded instead to respondent who shall assume the existing encumbrance.

Other than these modifications, we agree with the disposition of the trial court.

Affirmed as modified.