Argued March 4, remanded with directions April 1, 1975

## IN THE MATTER OF THE DISSOLUTION OF THE MARRIAGE OF JENSEN, *Petitioner, and* JENSEN, *Respondent.*

533 P2d 794

*James W. Walton,* Corvallis, argued the cause for petitioner. With him on the brief were Ringo, Walton & Eves, Corvallis.

*Myron L. Enfield,* Salem, argued the cause and filed a brief for respondent.

DENECKE, J.

The husband appealed to the Court of Appeals from the support and property division provisions of a decree of dissolution of marriage. The Court of

Appeals was in agreement with the trial court's decree except that it found the decree placed the husband in a difficult "cash situation." As a remedy the Court of Appeals modified that portion of the decree in which the parties were each to pay one-half of an anticipated income tax liability totaling $26,000 and ordered the wife to pay the entire liability. To partially compensate for this added burden placed on the wife, a rental house which the trial court had awarded to the husband was awarded to the .wife. *Jensen and Jensen,* 19 Or App 875, 529 P2d 412 (1974).

The wife petitioned for review of the Court of Appeals' decision. She alleged that subsequent to the trial court decree, but before the Court of Appeals' decision, the husband had sold the rental house. The husband, therefore, could not comply with the decision of the Court of Appeals. This allegation was supported by affidavits which had previously been filed with the Court of Appeals in connection with a motion to dismiss. The petition for review was also filed with the Court of Appeals and there is considered as a petition for reconsideration. Rule 9.15, Supreme Court and Court of Appeals Rules of Procedure. The Court of Appeals, however, did not reconsider. We granted review to consider this apparent oversight by the Court of Appeals.

We agree with the Court of Appeals that the trial court's decree must be modified for the reason stated by the Court of Appeals. The complete modification ordered by the Court of Appeals, however, cannot be affirmed. It is admitted that the husband did sell the house. We have been urged to change the details of the modification so as to accomplish the intent of this court and the Court of Appeals. We cannot do so, however, because of insufficient evidence.

From the affidavits mentioned, it appears that from the sale of the rental house the husband may have realized $800 in cash, payment of a debt in the amount of $5,700, and a credit on future work to be done for the husband, a dentist, by a laboratory in the amount of $3,300. The income tax liability which was previously estimated has now been established and we have been informed is less than anticipated; however the amount is not in the record.

For these reasons we direct the Court of Appeals to remand the suit to the trial court. The trial court is to modify its decree to approximate the intention of this court and the Court of Appeals.

Remanded with directions.