Argued April 21, affirmed as modified May 19, reconsideration
denied June 18, petition for review denied June 24, 1975

IN THE MATTER OF THE DISSOLUTION OF THE MARRIAGE OF

TROUT, *Respondent-Cross-Appellant, and*
TROUT. (No. 398-713), *Appellant-Cross-Respondent.*

535 P2d 117

*Jane Edwards,* Portland, argued the cause for appellant-cross-respondent. With her on the briefs were Edwards and Edwards, Portland.

*Keith L. Erickson,* Redmond, argued the cause for respondent-cross-appellant. With him on the brief were Bryant, Edmonds & Erickson, Redmond.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

LANGTRY, J.

Wife appeals from the awards in a marriage-dissolution decree. The parties had been married 29 years; wife was 48 at the time of trial and husband 50. Four children of the marriage were grown and emancipated. Wife and husband had been separated for several years.

Wife has suffered for many years from narcolepsy and also has symptoms of cataplexy. Narcolepsy is an organic condition in the brain which results in attacks of sleepiness, and they occur with her on virtually an hourly basis. They are partially controlled by prescribed amphetamines. Cataplexy is a condition evidenced by transient attacks of extreme muscular weakness, which sometimes accompanies narcolepsy. Dr. Dow, neurologist, testified that he has treated wife for 12 years. He said there is

"* * * no reason to think that she wouldn't continue to have it after the settlement, and I felt this was a[n] important consideration which her attorney should be aware of.

"* * * * *

"* * * [S]he has been one of the most difficult cases of mine to get under control * * *."

In his opinion she had been experiencing "an anxiety, tension state all the time" he had known her and "I am hopeful that when some of the tensions are relieved that she can be better controlled on more routine medicines * * *."

 Wife has taken a course in fashion designing, which involved a trip to Europe. She is hopeful that within three years—one for finishing school, one for trying to find a job and one for getting settled—she will be able to take care of herself and speaks hopefully of being able to earn $20,000 per year. Yet, she has been unable recently to even satisfactorily run a factory sewing machine, according to her testimony. The trial judge obviously felt that she was hoping for more than is justified by the facts and we agree. Wife had asked for three years' support, consistent with her hopes for employment, and the court awarded her $500 per month for that period of time with the proviso that the matter could be reappraised at the end of that period of time. Courts are reluctant to award one party in this kind of case more than that party requests. *See McClure and McClure,* 16 Or App 680, 519 P2d 1275 (1974). In any event, some amended pleading would be desirable if such an award were made in order to give notice to the other party so he could defend. However, where some support is allowed there is no restriction on such a party's asking for a reconsideration of support payments by a proper motion at a later time if a change of circumstances justifies it. *McClure and McClure,* supra, and *Wells v. Wells,* 15 Or App 507, 511, 516 P2d 480 (1973).

For a little more than the first two-thirds of the time the parties were married, they engaged in various businesses, like ice cream sales and drive-in restaurants, from which they were never able to get

ahead very much. Wife worked with husband in these enterprises as much as she could.

For approximately the last one-third of their marriage husband engaged in the real estate business, first as a salesman, then as a broker, and was successful. His net earnings have gone into the $30,000 to $40,000 per year range, but a large part of these earnings are represented not in cash but in equities which he has acquired in various real estate promotional ventures. He has partners in most ventures and has an essential need for flexibility in dealing with real estate titles. Wife desired a substantial lump sum cash judgment against the husband, which would, by its legal nature, be secured by a judgment lien against these real properties. If her desires in this regard are included in the decree, husband would be materially hampered in the ventures which provide much of his income. The trial judge wisely did not allow such provisions to be part of the decree. In *Jensen and Jensen,* 19 Or App 875, 877-78, 529 P2d 412 (1974), *rem'd,* 271 Or 619, 533 P2d 794 (1975), we said:

> "* * * [T]he appropriate resolution [of such a case] * * * is to award those assets to [wife] which will provide funds for a home and for investment, and to [husband] those assets which will enable him to continue to earn an ample income * * *."

In conformance with this philosophy, the trial court awarded to wife real property (most of which is rental property) with a net worth between $29,500 and $40,000, $7,000 in cash, $4,750 in payment for the debt incurred in her career training, and $6,000 for repairs to the rental property. Husband received the balance of the real estate and cash on hand (which amounted to approximately $5,000) and his business with the building in which it is located. Each of them received the personal property in respective possession. The

net value of the property which husband was awarded was variously estimated at around $100,000 to $120,-000. Some of this value appears to be speculative. In view of the probability of support payments beyond three years (obviously a material factor in the trial court's decree as it is in ours), the decree appears to allocate the properties and obligations of the parties as well as can be done in this difficult case.

In a cross-appeal husband has asserted the court erred in awarding support and attorney fees to wife. With reference to support, what we have already said in this opinion demonstrates good reason for rejecting that claim.

 Counsel stipulated that the court could set attorney fees without necessity for submitting evidence of the reasonableness thereof. Wife's counsel, after offering to testify thereto, agreed with opposing counsel to state into the record what had occurred in this regard. She stated that she had at least 100 hours on the case for which she should receive $30 per hour, and that she had agreed to pay $500 to another attorney who had worked on the case before her, and to "protect the interest" of another counsel, who also represented wife, in the sum of $1,000. The only basis the court had for setting fees, then, was this statement substantiating $4,500. The amount of attorney fees to be allowed is a question of fact, to be pleaded and supported by evidence. *Manifold Business v. Multnomah Co.,* 255 Or 225, 465 P2d 710 (1970); *Baratta and Baratta,* 18 Or App 261, 524 P2d 1233 (1974). We can accept the statements of counsel under the agreement that was made. But the court allowed $6,000. The amount of the award must be reduced to $4,500.

Affirmed as modified. Costs to neither party.