Argued December 4, 1975, reversed January 15, 1976

BROOKSHIRE et al, *Respondents,*
*v.*
JOHNSON, *Appellant.*

544 P2d 164

*Norman K. Winslow,* Salem, argued the cause and filed a brief for appellant.

*Scott McArthur,* Monmouth, argued the cause for respondents. On the brief were George M. Jennings, and McArthur & Horner, Monmouth.

Before McAllister, Presiding Justice, and Holman, Tongue, Howell and Bryson, Justices.

HOWELL, J.

**HOWELL, J.**

The sole issue in this case is whether a landowner whose land has been burdened by a way of necessity granted to another pursuant to ORS 376.105 is entitled to attorney fees on appeal.

Petitioners, who alleged that they were owners of a farm which had no means of ingress or egress, were granted a way of necessity over the landowner's property. The landowner was dissatisfied with the amount recommended by the county viewers and awarded by the county court. On appeal, the circuit court increased the landowner's award but denied her request for attorney fees. The landowner appeals that denial.

The law is well established that in the absence of a contractual or statutory provision a litigant is not entitled to attorney fees in addition to the ordinary costs. *Draper v. Mullenex,* 225 Or 267, 357 P2d 519 (1960); *Kern et al v. Gentner,* 176 Or 479, 159 P2d 190 (1945). The same rule applies to condemnation cases, and a property owner is not entitled to attorney fees unless authorized by statute. *Multnomah County v. Burbank,* 235 Or 616, 386 P2d 444 (1963).

The constitutional basis for the acquisition of a way of necessity by one landowner over the land of another is found in section 18, Article I, of the Oregon Constitution:

> "Private property shall not be taken for public use, nor the particular services of any man be demanded, without just compensation; nor except in the case of the state, without such compensation first assessed and tendered; provided, *that the use of all roads, ways and waterways necessary to promote the transportation of the raw products of mine or farm or forest or water for beneficial use or drainage is necessary to the development and welfare of the state and is declared a public use.*" (Emphasis added.)

ORS 376.105 implements this provision and provides that when a farm "is not reached conveniently by

[ 21 ]

any public road provided by law, and that it is necessary that the public and such person have ingress to or egress from the farm," a way of necessity may be acquired. Damages to the landowner are assessed, and both the petitioner and the landowner are entitled to appeal to the circuit court. ORS 376.120. No specific provision in ch 376 allows attorney fees to the landowner in addition to the damages award.

However, in 1965 the legislature enacted ORS 20.085, which states:

"In a proceeding brought under section 18, Article I or section 4, Article XI, of the Oregon Constitution by an owner of property or by a person claiming an interest in property, if the owner or other person prevails, he shall be entitled to costs and disbursements and reasonable attorney fees."

The landowner contends that under this statute she is entitled to attorney fees, and in support of her argument she relies on the decision of this court in *Hewitt v. Lane County,* 253 Or 669, 456 P2d 967 (1969). There, Lane County sought to acquire land for highway purposes and elected to acquire the property by proceeding under ORS ch 368 instead of under ch 281. The former chapter provides for an assessment of damages by the board of county road viewers and approval by the county court. The landowner may then appeal this award to the circuit court. ORS 368.525. The statutory procedure does not include attorney fees to the landowner. In contrast, ORS ch 281, which is the general condemnation statute, specifically provides for an award of attorney fees to the landowner unless the county, before commencing the action, had tendered an amount equal to or greater than the jury's award. ORS 281.330(2).

In *Hewitt,* the landowners had appealed the viewers' award to the circuit court and recovered substantially more damages than the county viewers had awarded. The circuit court also awarded attorney fees. On appeal to this court, the county argued that the landowners were not entitled to attorney fees because

none were provided for in ch 368. The county relied on the general rule that in the absence of a statute providing for attorney fees none may be awarded.

This court held that the purpose of ORS 20.085 was to allow attorney fees in inverse condemnation cases. We stated:

"* * * While proceedings under chapter 368 are not the same as inverse condemnation, they are analogous in that the landowner must seek his remedy in court. If the landowner is put to the expense of hiring an attorney in order to realize just compensation for his land, he should be entitled, if successful, to attorney fees in addition to the actual money value of the taking. To read ORS 20.085 so as to exclude proceedings under chapter 368 would be unduly restrictive and would be inconsistent with the purposes of the remedial legislation." 253 Or at 671-72.

*Hewitt v. Lane County,* supra, was followed by the Court of Appeals in *Boggs v. Multnomah County,* 2 Or App 517, 470 P2d 159 (1970). That case involved a similar situation in which a county had elected to proceed under ORS ch 368 instead of ch 281. The Court of Appeals held that ORS 20.085 applied to that case since it was a "proceeding brought under section 18, Article I * * * of the Oregon Constitution by an owner of property * * *." The opinion states:

"* * * It is clear that the reason for the enactment of ORS 20.085 is to allow attorney fees and costs for a landowner who 'must seek his remedy in court,' whatever the procedure may be, if he prevails." 2 Or App at 518.

In both *Hewitt* and *Boggs* the individual landowner who had appealed the viewers' award and received a larger award in the circuit court was required to "seek his remedy in court" in order to prevail. The general constitutional and statutory theme in such cases is to make a landowner whole when his property is taken for a public purpose. *See Hewitt v. Lane County,* supra at 671.

The same considerations are applicable to the instant case. This landowner was required to seek her

remedy in court, and she did so by appealing the viewers' award and prevailing in the circuit court. We see no valid reason for distinguishing this case from *Hewitt* or *Boggs* so as to preclude this landowner from recovering attorney fees incurred in seeking just compensation for the taking of her land. The underlying constitutional authority for the taking is the same, the procedures followed are parallel, and, since the contemplated use of the road is public as well as private, it should make no difference that, in this case, the taking was done at the instigation of individuals.

Reversed with directions to award the landowner-appellant reasonable attorney fees.