Argued and submitted February 22,
reversed March 24, reconsideration denied May 1,
petition for review denied May 28, 1980 (289 Or 209)

## KNUDSEN,
*Respondent,*

*v.*

## CLATSOP COUNTY BOARD
## OF COMMISSIONERS,
*Respondents,*

### STRULOEFF, et ux,
*Appellants.*

(No. CC78-692, CA 15213)

608 P2d 581

Steven D. Gerttula, Astoria, argued the cause for appellants. With him on the brief was Anderson, Fulton, Lavis & Van Thiel, Astoria.

W. Louis Larson, Astoria, argued the cause for respondent. With him on the brief was Larson and Fischer, Astoria.

Before Schwab, Chief Judge, and Thornton and Campbell, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

The question presented by this case is whether ORS 20.085[1] authorizes an award of attorney fees and costs to a landowner who successfully opposes in county court proceedings a proposed way of necessity across her land.

The Struloeffs petitioned the Clatsop County Court under ORS ch 376 to establish a road to their residence across respondent Mary Knudsen's property. Respondent answered to oppose the petition and alleged entitlement under ORS 20.085 to reasonable attorney fees and costs. The county court denied the Struloeffs' petition, and also denied respondent's claim for attorney fees and costs. Respondent appealed the latter order to the circuit court where it was reversed, and judgment was entered against the Struloeffs for respondents' attorney fees and costs in both the county court and circuit court proceedings. The Struloeffs appeal. We reverse.

*Draper v. Mullennex et al,* 225 Or 267, 271, 357 P2d 519 (1960), held that the right to recover attorney fees from an opponent in litigation is controlled by "[t]he general rule * * * that such an item of expense is not allowable in the absence of a statute or some agreement expressly authorizing the allowance of attorney's fees in addition to the ordinary costs." (Citations omitted.) The statute upon which respondent relies, ORS 20.085, was enacted in 1965 " * * * to provide substantial equality to landowners whether their lands were taken by condemnation or by inverse condemnation," *Hewitt v. Lane County,* 253 Or 669, 671, 456 P2d 967 (1969), and it therefore is given literal effect when a landowner prevails in an action to obtain

---

[1] ORS 20.085 provides:

"In a proceeding brought under section 18, Article I [pertaining to private property or services taken for public use] or section 4, Article XI [compensation for property taken by a corporation], of the Oregon Constitution by an owner of property or by a person claiming an interest in property, if the owner or other person prevails, he shall be entitled to costs and disbursements and reasonable attorney fees."

compensation for land taken by inverse condemnation. The statute also has been held to apply when property is taken by statutory proceedings other than condemnation, and the landowner prevails on his appeal of the amount of compensation awarded. *See Hewitt v. Lane County, supra,* and *Boggs v. Multnomah County,* 2 Or App 517, 470 P2d 159 (1970) (proceedings under ORS ch 368); *Brookshire v. Johnson,* 274 Or 19, 544 P2d 164 (1976) (proceedings under ORS ch 376). The rationale for the latter applications of the statute is that, analogous to inverse condemnation proceedings, "* * * the landowner must seek his remedy in court," *Brookshire v. Johnson, supra,* 274 Or at 23; *Hewitt v. Lane County, supra,* 253 Or at 671, and:

"* * * * * *

"* * * [the] legislative purpose [of ORS 20.085 is] to make whole any landowner whose property might be taken for public purposes regardless of the particular method employed by the government in taking the property.

"* * * * * *

"If the landowner is put to the expense of hiring an attorney in order to realize just compensation for his land, he should be entitled, if successful, to attorney fees in addition to the actual money value of the taking * * *." *Hewitt v. Lane County, supra,* 253 Or at 671.

Respondent's recovery of attorney fees and costs is not authorized by the literal terms of ORS 20.085, nor is such an award authorized by the Supreme Court's interpretation of the statute in the absence of a taking of respondent's property and a successful appeal by her from an allegedly inadequate award of compensation.

Reversed.