On respondents - cross-appellants' petition for attorney fees filed February 9, petition allowed in the amount of $4,650 August 8, reconsideration denied October 17, petition for review denied December 4, 1990 (310 Or 791)

In the Matter of the Application of
Victor Pike and Zola Pike,
for Way of Necessity.

Victor PIKE,
*Petitioner - Appellant - Cross-Respondent,*
*and*

Zola PIKE,
*Petitioner - Cross-Respondent,*
*v.*

Laurie WYLLIE,
and Julie Weikel,
*Objectors - Respondents - Cross-Appellants.*

(87-12-0515CV; CA A49488)

795 P2d 1097

David B. Hydes, John Day, filed petition.

Allen L. Johnson, Eugene, filed objections.

BUTTLER, J.

### BUTTLER, J.

In *Pike v. Wyllie,* 100 Or App 120, 785 P2d 764, *rev den* 310 Or 121 (1990), we reversed the trial court on objectors' cross-appeal, upholding the county court's decision that petitioners are not entitled to a statutory way of necessity. Objectors now seek attorney fees incurred on appeal, pursuant to ORS 376.175(2)(e). Petitioners object, contesting the reasonableness of the amount and contending that there is no statutory basis for an award of attorney fees. The amount requested is reasonable. We write only to address the second contention.

Before 1979, there was no statutory provision that expressly provided for payment of attorney fees to the party whose land was subject to a claim for a way of necessity. In *Brookshire v. Johnson,* 274 Or 19, 544 P2d 164 (1976), the Supreme Court held that ORS 20.085 provides a basis for awarding attorney fees on appeal when a landowner whose land has been burdened by a way of necessity prevails in the circuit court in obtaining increased compensation for his land. That section provides:

> "In a proceeding brought under section 18, Article I [pertaining to private property or services taken for public use] or section 4, Article XI [compensation for property taken by a corporation], of the Oregon Constitution by an owner of property or by a person claiming an interest in property, if the owner or other person prevails, the owner or other person shall be entitled to costs and disbursements and reasonable attorney fees at trial and on appeal."

The rationale for awarding fees under that section is that, "[i]f the landowner is put to the expense of hiring an attorney in order to realize just compensation for his land, he should be entitled, if successful, to attorney fees in addition to the actual money value of the taking." *Hewitt v. Lane County,* 253 Or 669, 671, 456 P2d 967 (1969). That provision, however, does not authorize an award of attorney fees to a landowner who successfully objects to a way of necessity over his property. *Knudsen v. Clatsop Co. Commissioners,* 45 Or App 351, 608 P2d 581, *rev den* 289 Or 209 (1980).

In 1979, the legislature made significant changes in the statutory scheme governing ways of necessity. Among

them was the enactment of ORS 376.175,[1] which requires, among other things, that an order *granting or denying* a way of necessity "[d]irect the petitioner to pay costs and reasonable attorney fees incurred by each owner of land whose land was subject to the * * * action * * *." ORS 376.175(2)(e). Thus, the legislature expressly provided for the payment of attorney fees to a party put to the burden of defending against a claim for a way of necessity, regardless of the result. Petitioners contend that that provision applies only to the order entered by the county governing body and that attorney fees, therefore, are not available on appeal.

Although ORS 376.175, on its face, is directed to the county governing body, it is the only authority for the granting or denying of a way of necessity. Any determination with respect to a way of necessity, including, apparently, a decision on appeal, must comply with the provisions of ORS 376.150 to ORS 376.200. Even if our decision on *de novo* review, ORS 5.120; ORS 19.125(3), is not, in effect, an order entered under ORS 376.175, we are authorized to award attorney fees on appeal pursuant to ORS 19.220:

> "Any statute law of this state that authorizes or requires the award or allowance of attorney fees to a party in a civil action or proceeding, but does not expressly authorize or require that award or allowance on an appeal in the action or proceeding and does not expressly prohibit that award or allowance on an appeal, shall be construed as authorizing or requiring that award or allowance on an appeal in the action or proceeding."

ORS 376.175(2)(e) provides for attorney fees at the county court level and does not prohibit them on appeal.

---

[1] ORS 376.175 provides, in part:

"(1) Upon consideration of the matters and issues presented under ORS 376.150 to 376.200, the county governing body shall determine whether or not a need has been demonstrated for the granting of a way of necessity under ORS 376.150 to 376.200 and shall enter an order granting or denying the way of necessity.

"(2) *Any order entered under this section shall:*

"(a) State whether the way of necessity is granted or denied;

"* * * * *

"(e) *Direct the petitioner to pay costs and reasonable attorney fees incurred by each owner of land whose land was subject to the petitioner's action for a way of necessity* under ORS 376.150 to 376.200." (Emphasis supplied.)

Petition for attorney fees allowed in the amount of $4,650.