Argued December 1, 1972, reversed and remanded February 2,
petition for rehearing denied March 2, petition
for review denied July 3, 1973

PEARSON ET AL, *Petitioners, v.* JURAS ET AL,
*Respondents.*

505 P2d 928

*Betty Roberts,* Portland, argued the cause for petitioners. On the brief was Keith D. Skelton, Portland.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

FORT, J.

This is an appeal by a claimant for review of the decision of an administrative agency—here the Public Welfare Division. Respondent Juras is its administrator. As such, following a hearing before, and findings by, a hearing officer, he concluded that the claimant was not eligible for aid to the disabled because she was under 21 and not emancipated.

ORS 412.520 provides:

"Aid shall be granted to any needy person 18 years of age or older who is disabled and who:

"(1) Is a resident of the State of Oregon.

"(2) Is not an inmate of a public institution (except as a patient in a medical institution) or an institution for tuberculosis or mental diseases, but aid may be granted to a recipient who has been diagnosed as having tuberculosis or psychosis and is a patient in a medical institution as a result thereof.

"(3) Is not receiving any other public assistance from the state or from any instrumentality or political subdivision thereof, except for medical assistance pursuant to ORS chapter 414, or any other type of federally aided public assistance."

It is conceded by the state that claimant fully complied with the eligibility requirements for aid to the disabled, ORS 412.510-412.630, except in one respect—namely, that she is not a "needy person" within the meaning of ORS 412.520.

That conclusion is based solely upon the ground that although she is over 18, she is an unemancipated minor. It is conceded that she herself is without resources or funds and lacks the capacity to earn any.

Respondent concluded that "[a]gency policy states a minor who is not emancipated is not eligible for Public Assistance in his own right," and that claimant was unemancipated.[1]

The claimant at the time of the hearing was, and for several years continuously had been, a full-time resident and trainee in attendance at the Shangri La School Home, a private institution[2] for the educable mentally retarded.

---

[1] The complete order of the administrator is as follows:

"It is recommended Miss Rebecca Pearson is not eligible for Aid to Disabled. The Marion Branch Office shall close Miss Pearson's Aid to Disabled grant July 31, 1972. The Marion Branch Office was correct in attempting to close the grant May 31, 1972. Miss Pearson is not an emancipated minor. She is a single person under 21 years of age. She is not living in a situation where family control no longer exists. She is not and has not been self-supporting. She has not developed a plan for her own self-support. She has not been able to take care of herself in the management of her affairs.

"Agency policy states a minor who is not emancipated is not eligible for Public Assistance in his own right. An emancipated minor is a person under 21 years of age who is taking care of himself, living in a situation where parental control no longer exists and conducts themselves [sic] in managing his own affairs in all respects. Persons under 21 years of age who have not married are minors."

[2] No contention is made here that claimant is barred under the provisions of ORS 412.520 (2). We therefore do not consider that question.

■ In our view the question presented first requires consideration of the statute. "Agency policy" or regulation may not conflict with the plain wording of the statute. *Gouge v. David,* 185 Or 437, 464, 202 P2d 489 (1969); *Oregon Newspaper Pub. v. Peterson,* 244 Or 116, 123-25, 415 P2d 21 (1966).

The statute expressly provides that "[a]id *shall* be granted *to any needy person 18 years of age or older who is disabled * * *."* (Emphasis supplied.) ORS 412.520. Nowhere does it define the term "needy person." ORS 412.530⑨ sets forth certain criteria which may guide the administrator in determining the amount to be granted. Nowhere, however, does it support the conclusion that solely because a disabled person over 18 is unemancipated such person is not a needy person. The legislature has seen fit in other contexts to define the term "needy person" in connection with the public welfare laws when it intended that it have a meaning different from that which is

---

⑨ ORS 412.530:

"(1) The amount of aid to be granted shall be determined on the basis of need, within the limits of available public assistance funds, with due regard to any other income and resources of the applicant, as well as any expenses reasonably attributable to the earning of any such income and the conditions existing in each case, and in accordance with the rules and regulations made by the Public Welfare Division.

"(2) In the determination of eligibility and the amount of need, and in any reconsideration thereof, with respect to an applicant or recipient of aid pursuant to ORS 412.510 to 412.630, such amounts of income and resources may be disregarded as the division may prescribe by rules and regulations promulgated by it. The amounts to be disregarded shall be within the limits required or permitted by federal laws and by federal rules and orders thereto applicable."

commonly afforded to it. For example, ORS 413.005 relating to old age assistance states:

"As used in this chapter, unless the context requires otherwise:

"*     *     *     *     *

"(5) 'Needy person' means a person who has attained the age of 65 years and who does not have income and resources sufficient to provide himself with food, clothing, shelter and such other essential needs as are necessary to afford a reasonable sustenance necessary to maintain life and compatible with decency and health; provided, that if the United States Government provides for a contribution to state old-age assistance payable to persons of an age less than 65 years, such lower age shall become the qualifying age of persons entitled to receive old-age assistance. The minimum amount of such income and resources considered sufficient is fixed at $50 per month."

In the Relatives' Responsibility Law, the statute says:

"For purposes of ORS 416.010 to 416.260:

"*     *     *     *     *

"(3) A 'needy person' is one who is eligible for public assistance under the laws of the state.

"*     *     *     *     *." ORS 416.010.

■ In ORS 412.520 it has not seen fit to define the term. The state does not contend the statute is ambiguous. Accordingly it is our duty to accord to it its plain meaning. *Gouge v. David,* supra, 185 Or at 463; *Boggs v. Multnomah County,* 2 Or App 517, 518-19, 470 P2d 159 (1970).

■ Had the legislature intended to exempt from eligibility for aid to the disabled unemancipated minors over the age of 18 it could, and in our view pre-

sumably would, have said so. It did not, and neither we nor the Public Welfare Division have the authority to do so.

Whether the parents are responsible to make payments under the Relatives' Responsibility Law, ORS 416.010 (3) and 416.050, or may owe a duty to contribute to her support under ORS 109.010 is not before us.

Since respondent concedes that claimant is barred from eligibility for aid to the disabled only if an unemancipated minor over 18 is ineligible, it follows that since she is a needy person over the age of 18 years, and is conceded to be otherwise eligible, the decision of the administrator must be set aside. ORS 183.480 (7)(a).

Reversed and remanded for further proceedings consistent with this opinion.