Argued March 27, affirmed April 15, 1974

## CANNON, *Petitioner, v.* JURAS, *Respondent.*

521 P2d 9

*Donald S. Richardson,* Portland, argued the cause for petitioner. With him on the brief were Richardson & Murphy, Portland.

*Al J. Laue,* Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

FORT, J.

Pursuant to the Relatives' Responsibility Act, ORS 416.010 to 416.270,[1] respondent assessed against petitioner for the year 1970, the sum of $978 expended by respondent upon petitioner's able-bodied, 36-year old son. Petitioner appeals.

Respondent determined that the son was a needy person under the provision of ORS 416.010 (3) which provides:

"(3) A 'needy person' is one who is eligible for public assistance under the laws of the state."

This determination followed, in the view of respondent, because the Welfare Division had previously determined him to be a disabled person under ORS 412.510 (3), which provides:

"(3) 'Disabled' means having a bodily impairment that is both permanent and total. A permanent disability is one likely to continue without substantial improvement throughout life or for an indeterminate period. A total disability is one which prevents performance of substantially all the ordinary duties of occupations in which a disabled individual is capable of engaging, having due regard to his training, experience and circumstances."

See, *Pearson v. Juras,* 12 Or App 345, 505 P2d 928, Sup Ct *review denied* (1973).

The record shows that the state's Medical Re-

_____

[1] We note that Act no longer applies to a father. Oregon Laws 1973, ch 334, § 1 (4). ORS 414.105.

view Team[2] concluded the son was disabled within the statute because "[t]his person is eligible on the basis of alcohol addiction."

The son is acknowledged by both parties to be a chronic alcoholic. He was first committed to the Dammasch State Hospital for that condition in August 1963. By the time respondent agency determined, on April 22, 1969, that he was a disabled person within ORS 412.510 (3), he had been admitted to that hospital eight times, and, during 1970, the year here involved, he had again been hospitalized there for that reason. The 1973 hospital record of his most recent commitment indicates:

> "IMPRESSION. Schizophrenia—chronic paranoid type in acute exacerbation. Episodic excessive alcoholism."

■ Whether or not the son was a disabled person was a question of fact for the respondent to decide. Our review is limited in contested cases to a determination of whether the order is supported by "reliable, probative and substantial evidence in the whole record." ORS 183.480 (7)(d).

■ We conclude that there was such evidence before the respondent. It is not challenged here that, as his brief asserts, respondent "has determined that alcoholism will constitute disability for purposes of the granting of Aid to the Disabled." We agree that it may under circumstances which otherwise bring it within ORS 412.510 (3). Here we need not determine whether chronic alcoholism alone is sufficient under

---

[2] For a full description of the procedures followed by the Public Welfare Division in determining an applicant's eligibility for Aid to the Disabled, see Matthew v. Juras, 16 Or App 524, 519 P2d 402, Sup Ct review denied (1974).

ORS 183.480 (7)(d) to establish that a person is "disabled",[9] for the record contains substantial evidence supporting the conclusion that the son, as a result of alcoholism, suffered from schizophrenia, chronic paranoid type.

In 1971, the Oregon Legislature stated:

"The Legislative Assembly finds alcoholism is an illness. The alcoholic is a sick person and should be afforded treatment for his illness." (ORS 430.315.)

We cannot say that the respondent lacked authority to conclude in 1969 that chronic alcoholism was an illness which could be disabling under ORS 412.510 (3) or that its conclusion on the facts here that the son was disabled thereunder was erroneous.

Affirmed.

---

[9] *See:* Echols v. Gardner, 276 F Supp 499, 501-02 (SD Tex 1967); Osborne v. Cohen, 409 F2d 37, 38-9 (6th Cir 1969).