DECISION
Plaintiff has appealed Defendant's determination to not defer a portion of her tax year 2007-08 property taxes under the senior and disabled persons homestead property tax deferral program. Trial was held in the courtroom of the Oregon Tax Court in Salem on January 25, 2008. Plaintiff was represented by her husband John L. Keeler (Keeler). Defendant was represented by Norm Miller (Miller), a Department of Revenue (department) employee who manages the property tax deferral program.
 I. STATEMENT OF FACTS
The parties agree to the following facts. Plaintiff owns a home located at 2417 NE 12th Avenue in Portland. She acquired that property on or about 1985. Plaintiff was at least 62 years old in 2005. Plaintiff filed an original claim for property tax deferral in 2005, as provided in ORS 311.666 through ORS 311.701.[1] Defendant approved that claim. As a result, Plaintiff's property taxes for the 2005-06 tax year were deferred in their entirety, with Defendant paying to the county tax collector the amount of property taxes due, as provided by law. That deferral continued for 2006 and 2007; however, for 2007, Defendant determined that Plaintiff was responsible for the payment of a portion of the taxes because she was married in 2006 and the *Page 2 
couple's combined federal adjusted gross income (FAGI) exceeded the statutory limit. According to Defendant, the amount of taxes Plaintiff must pay is $411.50.
Plaintiff married Keeler in November 2006. Keeler owns a home at 220 SE 194th Avenue in Portland. Plaintiff and Keeler continued to live in their own respective homes after their marriage. The parties do not commingle their assets, and each maintained separate bank accounts and insurance coverage on their homes and automobiles after their marriage. According to Keeler, the parties' marriage was one of convenience, motivated by financial considerations including health benefits and taxes. Keeler works for the state and has employer-provided health insurance benefits. Because of the marriage, Plaintiff is covered by Keeler's health insurance. The marriage also makes it easier for either Plaintiff or Keeler to be involved in the other's medical decisions in the event either of the two becomes incapacitated. Keeler also testified that either could manage the affairs of the other in the event of death or emergency without interference from other family members.
In explaining their marital arrangement, Keeler testified that he and Plaintiff had known each other for many years prior to their marriage. Keeler at one time (perhaps six years ago) rented a room from Plaintiff, but the two did not get along when living under the same roof, and they have found it preferable to live apart. Accordingly, Plaintiff lives in her home and Keeler in his. Keeler testified that he visits Plaintiff in her home about three times a week, but that Plaintiff does not come to his home. The couple goes out to dinner regularly and they go on vacation together each year. Keeler testified that, although he and his wife generally split the expenses when they go somewhere together, he may pay a little more than his share.
Plaintiff is not employed and her only source of income is Social Security and a small pension. Plaintiff and Keeler filed a joint federal income tax return for 2006 reporting FAGI of *Page 3 
approximately $37,000.[2] Defendant adjusted that amount to $37,323. Keeler's wages in 2006 were $38,407. The parties reported IRA distributions attributable to Plaintiff in the amount of $390, and social security benefits of $7,764.
 II. ANALYSIS
ORS 311.666 through ORS 311.701 provide for the deferral of property taxes on a qualifying taxpayer's homestead. A taxpayer seeking such deferral must file a claim with the county assessor as provided in ORS311.668. The assessor forwards the claim to the department to determine eligibility. ORS 311.668(1)(c).
ORS 311.668 provides in relevant part:
 "(1) (a) Subject to ORS 311.670 [defining property entitled to deferral], an individual, or two or more individuals jointly, may elect to defer the property taxes on their homestead by filing a claim for deferral with the county assessor after January 1 and on or before April 15 of the first year in which deferral is claimed[.]"
 "* * * * *
 "(b) In order to make the election described in paragraph (a) of this subsection, the individual must have, or in the case of two or more individuals filing a claim jointly, all of the individuals together must have household income, as defined in ORS 310.630, for the calendar year immediately preceding the calendar year in which the claim is filed of less than $32,000."
The $32,000 income limit is statutorily indexed for years on or after July 1, 2002, by multiplying the indexing factor described in ORS311.668(7)(a)(A) by $32,000. The claimant must also satisfy age and ownership requirements to qualify for tax deferral.
Plaintiff was unmarried in 2005, owned her home, and satisfied the age and income requirements. Defendant therefore granted Plaintiff's deferral request, paying to the county all of *Page 4 
Plaintiff's property taxes for the 2005-06 tax year, as provided in ORS311.676, and the department acquired a lien against the property equal to the amount deferred, plus interest, pursuant to ORS 311.673.
Under ORS 311.668(2)(c), the deferral continues for "any future property taxes for as long as the provisions of ORS 311.670 are met." ORS 311.670 pertains to ownership and occupancy of the homestead. Those requirements are not directly at issue in this case. However, under ORS311.689, the department is required to make an annual review of a claimant's tax return to determine if an adjustment to the amount of deferred taxes is in order. The results of that exercise are in dispute, Defendant determining that Plaintiff was responsible for a portion of her taxes for the 2007-08 tax year based on the combined FAGI of Plaintiff and Keeler, while Plaintiff insists that her income alone should be considered.
ORS 311.689(1) provides in relevant part:
 "Notwithstanding ORS 311.668 or any other provision of ORS 311.666 to 311.701, if the individual or, in the case of two or more individuals electing to defer property taxes jointly, all of the individuals together, * * * has federal adjusted gross income that exceeds $32,000 for the tax year that began in the previous calendar year, then for the tax year next beginning, the amount of taxes for which deferral is allowed shall be reduced by $0.50 for each dollar of federal adjusted gross income in excess of $32,000."
The $32,000 income limit is adjusted for years after July 1, 2002, by applying the indexing factor described in ORS 311.668(7)(a)(A). ORS311.689(4). The parties agree that the limit in 2006, which is the year used to determine the amount of deferral for the 2007-08 tax year, was $36,500. The combined FAGI of Plaintiff and her husband Keeler exceeded that limit by $823, and Defendant has determined that Plaintiff must pay $411.50 toward her property taxes.
Plaintiff insists that Defendant erred in considering the income of her husband Keeler because she alone elected to defer the property taxes. Moreover, Plaintiff argues that the *Page 5 
brochure the department hands out explaining the tax deferral program makes reference to "household income," and Keeler insists that when he telephoned the department, he was advised by a department employee thathis income would not be used in computing income for the deferral because he is not a member of Plaintiff's household. Defendant contends that the FAGI of a married couple filing a joint return is the income of both individuals, as reported on their return, regardless of whether they live together or file a joint claim to defer property taxes. Additionally, Defendant argues that there are two different income tests, one for initial eligibility, which by statute is tied to "household income," and another for ongoing determinations as to the amount of tax that will be deferred each year, which, under ORS 311.689, is based on FAGI.
The court agrees there are two different income tests. One is for an initial determination of eligibility, pursuant to ORS 311.668(1)(b), and is based on "household income," defined as "the aggregate income of the taxpayer and the spouse of the taxpayer who reside in the household[.]" ORS 310.630(7), made applicable by ORS 311.668(1)(b) (providing for "household income, as defined in ORS 310.630"). The determination of ongoing eligibility (including the amount of taxes to be deferred) is tied to FAGI. The question is whose income is included in FAGI.
ORS 311.689(1), set forth above, requires a reduction in the amount of deferred property taxes where the FAGI of the individual exceeds the statutory limit, "or, in the case of two or more individuals electing to defer property taxes jointly, all the individuals together" have FAGI that exceeds the limit. ORS 311.689(6) defines the operative term "federal adjusted gross income" as follows: *Page 6 
 "As used in this section, `federal adjusted gross income' means federal adjusted gross income of the individual or, in the case of two or more individuals electing to defer property tax jointly, the combined federal adjusted gross income of the individuals * * * . `Federal adjusted gross income' shall be determined under the Internal Revenue Code, as amended and in effect on December 31, 2004, without any of the additions, subtractions or other modifications or adjustments required under ORS chapter 314 or 316."
When interpreting a statute, the court's task is to discern the intent of the legislature. PGE v.Bureau of Labor and Industries, 317 Or 606, 610,859 P2d 1143 (1993). That exercise begins with an examination of the text and context of the particular statute. Id. "In this first level of analysis, the text of the statutory provision itself is the starting point for interpretation and is the best evidence of the legislature's intent."Id. Finally, "words of common usage typically should be given their plain, natural, and ordinary meaning. Id. at 611.
Both ORS 311.689(1) and ORS 311.689(6) clearly distinguish between "the individual" and "two or more individuals electing to defer property taxes jointly." It is only when there are "two or more individuals electing to defer property tax jointly" that resort to the "combined federal adjusted gross income of the individuals" is required. ORS311.689(6). In fact, under the statute, where an individual is involved, use of combined federal adjusted gross income is not allowed. In that case, FAGI "means the federal adjusted gross income of theindividual." ORS 311.689(6) (emphasis added). Thus, where, as here, only one individual makes the election to defer taxes, only that individual's income can be considered. ORS 311.689 (1), (6).
Defendant, however, directs the court to the department's administrative rule, OAR 150-311.689(1), [3] which provides a slightly different definition of FAGI than appears in the statute (ORS311.689(6)). The rule provides: *Page 7 
 "Federal Adjusted Gross Income (FAGI) means the income of both the taxpayer and spouse, regardless of whether they filed a joint application or an individual application, or in the case of two or more individuals, the income of all the individuals that filed an application, for deferral under ORS 311.668."
OAR 150-311.689(1) (emphasis added).
By defining FAGI as "the income of both the taxpayer and spouse, regardless of whether they filed a joint application or an individual application," the administrative rule requires the inclusion of Keeler's income.
An agency's administrative rule may not conflict with the plain wording of the statute. If it does, it is invalid. Gouge v. David etal, 185 Or 437, 464, 202 P2d 489 (1949) (noting that "[a]dministrative rules and regulations can go no further than to fill in the interstices of the dominant act. They can not overcome and override any of its provisions."); Merrick v. Board of Higher Education, 116 Or App 258,264, 841 P2d 646 (1992) (invalidating a personnel rule that conflicted with a statute because "the statute permits state officials to take personnel action against employees on the basis of their sexual orientation and the rules expressly prohibit discrimination on that basis * * *"); Joint Council of Teamsters v. OLCC, 46 Or App 135, 140,610 P2d 1250 (1980) ("An agency regulation may not conflict with the plain meaning of the statute") (citation omitted); Pearson v.Juras, 12 Or App 345, 348, 505 P2d 928 (1973) (" `[a]gency policy' or regulation may not conflict with the plain wording of the statute.").
The court concludes that the rule conflicts with the statute as it applies to unmarried individuals who file an individual deferral claim, and then later marry. The rule conflicts because the statute only provides for the use of combined FAGI where two or more individualsjointly elect to defer their taxes, whereas the rule defines FAGI as "the income of both the taxpayer and spouse, regardless of whether theyfiled a joint application." As applied to this case, thestatute limits FAGI to Plaintiff's income, but the rule expands the definition to include the income of *Page 8 
Plaintiff's husband Keeler. If only Plaintiff's income is considered, all of her property taxes are deferred (paid by the state), but inclusion of Keeler's income results in only a partial deferral, leaving Plaintiff to pay $411.50 of her property taxes.
Defendant argues that Plaintiff filed a joint federal income tax return and that she therefore has no individual FAGI. Moreover, requiring the department to separate the income of a husband and wife who file a joint tax return is administratively inconvenient because the return itself does not differentiate the couple's respective incomes. The court disagrees with the assertion that a married person cannot have an individual FAGI. "Gross income" is "all income from whatever source derived," and includes wages, salaries, tips, etc. IRC § 61(a). That definition is part of a federal statute and is therefore federal gross income. "Adjusted" gross income is simply gross income with certain additions and subtractions. There is nothing in those definitions to preclude a married person from having an individual FAGI. The two individual's FAGI is combined for income tax reporting purposes where a married couple files a joint return, but that is because of the statutes and regulations governing joint returns and not, per se, because of the definition of FAGI.
Moreover, various Oregon statutes provide for the separate determination of taxable income for married individuals filing a joint federal return. See, e.g., ORS 316.122 (providing for such a determination where one taxpayer is a part-year resident in the other a nonresident of Oregon); ORS 314.415(7) (authorizing the department to make separate refunds at the request of the taxpayer filing a joint return based on that individual's proportion of the couple's total adjusted gross income).
The court recognizes the inconvenience caused by requiring the department to separately determine an individual's FAGI when the individual is married and files a joint income tax return *Page 9 
but has individually elected to defer property taxes. However, administrative inconvenience is not a valid reason for enacting a rule that conflicts with a statute. ORS 311.668(5) specifically authorizes a married person to file an individual claim. The statute provides "[n]othing in this section shall be construed to require a spouse of an individual to file the claim jointly with the individual even though the spouse may be eligible to claim the deferral jointly with the individual." ORS 311.668(5).
Moreover, the court acknowledges that there are valid practical reasons for requiring inclusion of a spouse's income, as provided by the rule. The instant appeal is a case in point. Although the deferral program is intended to help low income homeowners, under the statute, an unmarried person who has previously qualified for the deferral based on an individual deferral claim, can continue to have the taxes deferred after that person marries, even if the couple's combined FAGI exceeds the statutory limit, because only the FAGI of the individual who elected to defer the property taxes can be considered. Although the outcome in this case is not too egregious because Plaintiff and her husband Keeler continued to live in separate homesteads, the outcome may seem more problematic where, as is typically the case, the couple lives together. However, the wisdom of the challenged rule is not at issue. And, more to the point, the court's task is to interpret the law, not write it. If a spouse's income is to be used in determining the amount of taxes to be deferred where the claim is filed by an individual, the legislature, and not the department, must so provide.
One final matter merits comment. Where a married person files an individual claim, and that person's spouse resides in the home, the income of both individuals is used to determine eligibility because, as explained above, the initial determination is, under ORS 311.668(1)(b), based on "household income," which is defined as "the aggregate income of the taxpayer and the *Page 10 
spouse of the taxpayer who reside in the household." ORS 310.630(7). Thus, the intent of the program cannot be subverted by married persons living together at the time the claim is filed.
 III. CONCLUSION
The court concludes that where a person files an individual claim for deferral of property taxes under ORS 311.668, ORS 311.689(1) and (6), limit the income the department may use in making the ongoing annual determination of the amount of property taxes to be deferred under the deferral program to the federal adjusted gross income of the individual electing to defer the property taxes, even if that individual is married, unless both spouses have made the election to defer the taxes. Because the department's rule, OAR 150-311.689(1), defines federal adjusted gross income as "the income of both the taxpayer and spouse, regardless of whether they filed a joint application," the rule conflicts with the statute. Accordingly, the rule is invalid insofar as it purports to require the department, in making the ORS 311.689(1) determination, to include the income of both individuals, where only one spouse has elected to defer the taxes.
Therefore, in this case, only Plaintiff's federal adjusted gross income can be used in determining the amount of property taxes to be deferred. Because her income in 2006 was well below the statutory limit, all of the property taxes on Plaintiff's homestead are eligible for deferral and shall be deferred. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff is entitled to a complete deferral of her property taxes because the income of Keeler, Plaintiff's husband, cannot be considered in the determination of federal adjusted gross income and Plaintiff's individual federal adjusted gross income in 2006 was below the statutory limit provided in ORS 311.689(1); and *Page 11 
IT IS FURTHER DECIDED that Defendant's July 25, 2007, Excess Income Notice is canceled.
Dated this ___ day of May 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on May 8, 2008.The Court filed and entered this document on May 8, 2008.
[1] All references to the Oregon Revised Statutes (ORS) are to 2005.
[2] Plaintiff submitted a copy of page one of her federal return but the number reported on line 37 as Plaintiff's FAGI cannot be clearly read. Moreover, there is a line drawn horizontally through that number and another number, which also is not clearly legible, is written above. The revised number appears to be $36,940. In any event, Plaintiff has not challenged Defendant's combined FAGI calculation of $37,323.
[3] All references to the Oregon Administrative Rules (OAR) are to 2005. *Page 1