Argued and submitted May 13, affirmed June 26, reconsideration denied August 28, petition for review denied September 24, 1991 (312 Or 151)

Richard STRONACH,
*Appellant,*

*v.*

Mary Lewis ELLINGSEN,
*Respondent.*

(16-89-00451; CA A65015)

814 P2d 175

Jeffery H. Boiler, Eugene, argued the cause and filed the brief for appellant.

Marjorie A. Schmechel, Eugene, argued the cause for respondent. With her on the brief was Charles S. Spinner, Eugene.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Plaintiff appeals the dismissal of his complaint with prejudice and a judgment that awarded defendant attorney fees. ORCP 46B(2)(c).[1] We affirm.

Plaintiff filed a complaint against defendant to recover damages for personal injuries. In August, 1989, defendant filed a request for production of all of plaintiff's medical records relating to the incident for which plaintiff sought recovery. In September, 1989, plaintiff provided defendant with some discovery, but it did not include medical reports from plaintiff's treating physicians. Defendant filed a motion to compel production of medical reports and to compel the appearance of plaintiff's wife for deposition. The trial court granted the motion on February 15, 1990. Eight days later, plaintiff filed a motion to disqualify the judge. The motion was denied. There was evidence from which the trial court could have found that, from August, 1989, through February, 1990, defendant made four written and five oral requests to plaintiff to produce the medical reports.

By February 27, 1990, defendant had not received the requested medical reports. She moved for sanctions under ORCP 46, requesting the dismissal of plaintiff's complaint with prejudice under ORCP 46B(2)(c), because of the failure to provide discovery of the medical records. Plaintiff and his wife moved for an order limiting the scope of her deposition under ORCP 39E. On March 6, the trial court granted defendant's motion for sanctions, ruled that the motion to limit the scope of wife's deposition was moot and ordered both plaintiff and his attorney to pay reasonable costs and attorney's fees under ORCP 46B(3).[2]

---

[1] ORCP 46B(2)(c) provides:

"If a party or an officer, director, or managing agent or a person designated under Rule 39 C.(6) or 40 A. to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under section A. of this rule or Rule 44, the court in which the action is pending may make such orders in regard to the failure as are just, including among others, the following:

"* * * * *

"B.(2)(c) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or any part thereof, or rendering a judgment by default against the disobedient party."

[2] ORCP 46B(3) provides:

■    In his first three assignments of error, plaintiff argues that the trial court erred in entering a final judgment of dismissal with prejudice and in denying the motion to limit the scope of wife's deposition. Those assignments are predicated on plaintiff's assertion that the trial court awarded sanctions for the failure to allow the deposition of plaintiff's wife. Plaintiff is wrong. Defendant's motion for sanctions was based only on plaintiff's failure to produce copies of all reports of medical examinations. Additionally, plaintiff's arguments in support of his assignments assert that the trial court was required to follow the procedure for entry of a default judgment under ORCP 69 before it could enter the judgment. Defendant requested a dismissal under ORCP 46B(2)(c) for discovery violations, not a default judgment. The court's dismissal under ORCP 46B(2)(c) did not implicate ORCP 69.

■    Alternatively, plaintiff argues that he provided all of the medical records in his possession and that he was not under any obligation to produce records that were in his doctor's possession. However, the order compelling production granted the motion, which requested "[p]roduction for copies of all reports for medical examinations of Plaintiff made by Dr. John Thomas Redfield relating to injuries for which recovery is sought * * *." Plaintiff does not assign the scope of the order as error. He raises only the propriety of granting the sanction of a judgment of dismissal.[3] In the light of the facts that a request for production had been pending since August, 1989, that numerous requests for production had not been complied with and that the order to compel had been in effect for approximately two weeks before defendant moved for sanctions, we cannot say that the trial court abused its discretion by imposing the sanction of dismissal with prejudice.

---

"In lieu of any order listed in subsection (2) of this section or in addition thereto, the court shall require the party failing to obey the order or the attorney advising such party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."

[3] The day after the court granted the motion for sanctions, plaintiff filed a supplemental memorandum in which he claimed that, on February 26, 1990, he had sent a written request to Dr. Redfield for additional medical information and had received no response until 5:45 p.m. on the day before the court ruled. We do not consider the memorandum in determining whether the court abused its discretion, because it was not before the court when it made its ruling.

■ In his fourth assignment of error, plaintiff argues that the trial court erred in not disqualifying himself from ruling on the motion for sanctions. Plaintiff's motion to disqualify the trial judge was filed after the judge had granted defendant's motion to compel production and, therefore, it was untimely under ORS 14.260(3).[4]

■ Plaintiff's final assignment of error is that the trial court erred in awarding attorney fees against his attorney, "who was not a party to these proceedings." Plaintiff ignores the express language of ORCP 46B(3), which authorizes the court to assess reasonable expenses, including attorney fees, against an attorney advising a party who fails to obey a discovery order. The trial court did not err.

■ Defendant also seeks a sanction, under ORS 19.160,[5] for plaintiff's taking of an appeal without probable cause. Damages under ORS 19.160 may be awarded even where monetary relief in the underlying judgment consists only of costs and attorney fees. *Cooper v. Maresh,* 98 Or App 371, 779 P2d 200, *rev den* 308 Or 592 (1989). "Probable cause for appeal" means that an appellant has assigned grounds that are open to doubt or are debatable or about which a rational, reasonable or honest discussion may arise. *Broyles v. Brown,* 295 Or 795, 801, 671 P2d 94 (1983). Plaintiff's assignments of error do not meet that standard. Defendant is entitled to an additional judgment equal to 10 percent of the original money judgment, as well as attorney fees on appeal under ORS 19.220.[6]

---

[4] ORS 14.260(3) provides, in part:

"No motion to disqualify a judge shall be made after the judge has ruled upon any petition, demurrer or motion other than a motion to extend time in the cause, matter or proceeding."

[5] ORS 19.160 provides:

"Whenever a judgment or decree is affirmed on appeal, and it is for recovery of money, or personal property or the value thereof, the judgment or decree shall be given for 10 percent of the amount thereof, for damages for the delay, unless it appears evident to the appellate court that there was probable cause for taking the appeal."

[6] ORS 19.220 provides:

"Any statute law of this state that authorizes or requires the award or allowance of attorney fees to a party in a civil action or proceeding, but does not expressly authorize or require that award or allowance on an appeal in the action or proceeding and does not expressly prohibit that award or allowance on an

Affirmed; judgment of $192.83 awarded defendant pursuant to ORS 19.160; attorney fees awarded defendant pursuant to ORS 19.220.

---

appeal, shall be construed as authorizing or requiring that award or allowance on an appeal in the action or proceeding."

The trial court awarded a judgment of $811.25 against plaintiff and his attorney and a judgment of $1,117 against plaintiff to compensate defendant for attorney fees and costs. The judgments were authorized under ORCP 46B(3), and the rule does not prohibit an award of attorney fees on appeal. *See Pike v. Wyllie,* 103 Or App 30, 795 P2d 1097, *rev den* 310 Or 791 (1990).