Argued and submitted May 17, affirmed September 29, reconsideration denied December 22, 1993, petition for review allowed January 28, 1994 (318 Or 325)
See later issue Oregon Reports

Ira PAMPLIN
and Loretta Pamplin,
*Appellants,*

*v.*

Shermona Lynn VICTORIA,
*Respondent.*

(16-91-06925; CA A75958)

859 P2d 1185

Kevin Keaney, Portland, argued the cause for appellants. With him on the briefs was Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Michael H. Long, Eugene, argued the cause for respondent. With him on the brief was Brown, Roseta, Long & McConville, Eugene.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

EDMONDS, J.

## EDMONDS, J.

Plaintiffs appeal the trial court's judgment that dismissed their complaint with prejudice as a sanction for their failure to comply with a discovery order. ORCP 46B(2)(c).[1] We affirm.

Plaintiffs filed a complaint against defendant to recover damages for personal injuries. In October, 1991, defendant served on plaintiffs a request for production of medical bills, reports and charts, photographs and tax returns. ORCP 43. Also, there was evidence from which the trial court could have found that, from October, 1991, through April, 1992, defendant wrote two letters and made three phone calls to plaintiffs' attorney to request the documents. Plaintiffs did not respond to defendant's letters or phone calls.[2] After plaintiffs did not respond to the requests, defendant filed and served a motion on them on March 3, 1992, to compel production of the documents. ORCP 46A(2). Plaintiffs did not file a response to the motion, and the trial court granted it on April 9, 1992. It ordered plaintiffs to comply with the request within ten days. Plaintiffs' counsel says that he did not learn about the order until April 27.

---

[1] ORCP 46B(2) provides:

"If a party * * * fails to obey an order to provide or permit discovery, * * * the court in which the action is pending may make such orders in regard to the failure as are just, including among others, the following:

"B.(2)(a) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

"B.(2)(b) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting the disobedient party from introducing designated matters in evidence;

"B.(2)(c) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or any part thereof, or rendering a judgment by default against the disobedient party;

"B.(2)(d) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

"B.(2)(e) Such orders as are listed in paragraphs (a), (b), and (c) of this subsection, where a party has failed to comply with an order under Rule 44 A. requiring the party to produce another for examination, unless the party failing to comply shows inability to produce such person for examination."

[2] Plaintiffs allege that they returned one of defendant's calls, but that defendant was unavailable at the time. Even if that is true, it does not affect our conclusion about whether the trial court abused its discretion.

Trial was set for July 7, 1992. Defendant did not receive any of the documents within the ten days provided by the trial court's order and, on April 24, 1992, filed a motion for dismissal of plaintiffs' complaint as a sanction for their failure to provide discovery. On May 4, 1992, and before the hearing on the motion to dismiss, defense counsel received some of the requested documents. The trial court granted defendant's motion and dismissed plaintiffs' complaint. We review to determine whether the trial court abused its discretion. *Hahm v. Hills*, 70 Or App 275, 279, 689 P2d 995 (1984).

■ Under their first assignment of error, plaintiffs argue that defendant's motion to dismiss should have been denied, because defendant failed to make a good faith effort to confer with plaintiffs. UTCR 5.010(2) requires the moving party under ORCP 46 to "[make] a good faith effort to confer with the other parties concerning the issues in dispute." We hold that the evidence that defendant sent two letters and made three phone calls to plaintiffs during the six months preceding the filing of her motion to dismiss and the fact that defendant filed her motion to compel nearly two months before filing her motion to dismiss are facts that support a finding implicit in the trial court's conclusion that defendant complied with UTCR 5.010 by making a good faith effort to confer with plaintiffs.

■ Next, plaintiffs argue that defendant failed to demonstrate that she was prejudiced by their failure to comply with the trial court's order compelling production or that they wilfully disobeyed the order, and that, therefore, the trial court abused its discretion in dismissing their complaint with prejudice as a sanction. ORCP 46B(2)(c) does not expressly require a showing of prejudice or wilful disobedience. In *Stronach v. Ellingsen*, 108 Or App 37, 40, 814 P2d 175, *rev den* 312 Or 151 (1991), we said:

> "In the light of the facts that a request for production had been pending [for six months prior to defendant's motion to dismiss], that numerous requests for production had not been complied with and that the order to compel had been in effect for approximately two weeks before defendant moved for sanctions, we cannot say that the trial court abused its discretion by imposing the sanction of dismissal with prejudice."

The facts of this case are not dissimilar. Harm to the opposing party is not the only consideration for a trial court confronted with a motion to dismiss under ORCP that follows a prolonged period of disregard for requests for production. The trial court is charged with the efficient administration of court business. Delays in compliance with procedural requirements not only affect the parties to the litigation but also have an impact on other litigants who must wait in line to have their day in court. ORCP 46B(2)(c) is rendered impotent if litigants can avoid its effect by untimely compliance or by the claim, "no harm, no foul." Despite a six-month period of requests, formal and informal, for production, plaintiffs did not provide discovery until faced with a motion for sanctions. Under such circumstances, ORCP 46 necessarily contemplates that trial courts have the authority to impose a sanction of dismissal with prejudice.

■ Finally, plaintiffs argue that the trial court erred by not making findings to support its judgment of dismissal. ORCP 46B(2) does not require the court to make findings before imposing the sanction. It provides only that, when a party "fails to obey an order," the court may impose whatever sanction is "just." We cannot say that the trial court's sanction was "unjust" in the light of the facts that were before the trial court at the time it ruled on defendant's motion. *See Boline v. Whitehead*, 119 Or App 230, 234, 850 P2d 1128, *rev den* 317 Or 271 (1993).

Affirmed.