Argued and submitted January 11, affirmed September 9, 2021

Pauline BRAYMEN
and Wesley L. Tyler, dba Tyler Brothers,
*Petitioners-Respondents,*
*and*

R. Bruce BARTLEY et al,
*Petitioners below,*
*and*

HOTCHKISS COMPANY,
*Intervenor below,*

*v.*

WATER RESOURCES DEPARTMENT
of the State of Oregon
and Water Resources Commission
for the State of Oregon,
*Respondents-Appellants.*

Harney County Circuit Court
0206134CV; A170316 (Control)

Pauline BRAYMEN
and Wesley L. Tyler, dba Tyler Brothers,
*Petitioners-Respondents,*
*and*

R. Bruce BARTLEY et al,
*Petitioners below,*
*and*

HOTCHKISS COMPANY,
*Intervenor below,*

*v.*

WATER RESOURCES DEPARTMENT
of the State of Oregon
and Water Resources Commission
for the State of Oregon,
*Respondents-Appellants.*

Harney County Circuit Court
0210298CV; A170320

499 P3d 121

W. D. Cramer, Jr., Judge.

Carson L. Whitehead, Assistant Attorney General, argued the cause for appellants. Also on the briefs were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Sarah R. Liljefelt argued the cause for respondents. Also on the briefs was Laura A. Schroeder.

Before Lagesen, Presiding Judge, and James, Judge, and Hadlock, Judge pro tempore.

PER CURIAM

Affirmed.

**PER CURIAM**

This is a remedial contempt proceeding under ORS 33.055 in which the trial court found the Water Resources Department and the Water Resources Commission (respondents) in contempt of a stipulated judgment for their failure to comply with the terms of the settlement agreement that led to the entry of that stipulated judgment. Respondents appeal the contempt judgment as well as a supplemental judgment awarding attorney fees to petitioners. We affirm.

*Contempt.* The trial court based its contempt determination on its finding that respondents had violated the terms of the settlement agreement that, the trial court found, was incorporated in the stipulated judgment it had entered. Respondents contend that, in so doing, the court erred in two respects. First, respondents contend that the stipulated judgment unambiguously does *not* incorporate the settlement agreement. Second, they contend that their conduct did not violate the settlement agreement.

Starting with respondents' second argument, we review for legal error a trial court's interpretation of a stipulated judgment, applying general principles of contract interpretation. *See Baertlein and Stocks*, 303 Or App 51, 61, 464 P3d 433 (2020). Whether a stipulated judgment is ambiguous presents a legal question. *Id*. In assessing whether a contract, including a stipulated judgment, is ambiguous, "we may consider extrinsic evidence of the circumstances in which a document was drafted in order to understand what the drafter intended at the time of drafting and, in particular, to assess whether, in that context, certain terms are ambiguous." *Van Atta v. Stephanie Fry, Inc.*, 295 Or App 465, 473, 434 P3d 575 (2018). Where a stipulated judgment is ambiguous and the court has used extrinsic evidence to interpret the judgment, "we review the court's explicit and implicit findings of fact for any evidence in the record to support them, and the legal consequences of those facts for legal error." *Baertlein*, 303 Or App at 61 (internal quotation marks omitted).

Here, the trial court properly concluded that the stipulated judgment incorporated the settlement agreement.

The judgment specifically refers to the basis for entry of judgment being the dismissal of "the cases pursuant to the terms of the settlement agreement." That wording, in the context of the circumstances in which the judgment was prepared, plausibly could be understood to incorporate the settlement agreement, and plausibly could be understood not to, making it ambiguous on the point. Therefore, the question of whether the parties intended to incorporate the settlement is a factual one. Because the record contains evidence to support the trial court's finding that the parties intended to incorporate the settlement agreement, respondents' argument to the contrary fails.

        Second, respondents argue that, even if the settlement agreement is incorporated in the stipulated judgment, the evidence does not support a finding that their conduct violated the agreement or that any violation was willful. Alternatively, respondents argue that the court should have found that they were excused from compliance under ORS 33.055(10) on the ground that they were not able to comply with the settlement's terms. Having considered the parties' arguments and the record, we conclude that the court's findings on the elements of contempt are supported by the evidence and, further, that the record does not compel the finding that respondents were unable to comply with the settlement agreement. In a nutshell, viewed in the light most favorable to the trial court's ruling, the record supports a finding that respondents, "with knowledge of [the judgment] and its requirements, *** voluntarily engag[ed] in conduct that violate[d]" the terms of the judgment, specifically, the incorporated settlement agreement. *Chang v. Chun*, 305 Or App 144, 152, 470 P3d 410 (2020). The court, therefore, properly found respondents in contempt.

        *Attorney fees and costs*. Respondents also appeal a supplemental judgment awarding attorney fees and costs under ORS 33.105(1)(e). Apart from arguing that we would have to reverse the supplemental judgment if we reversed the contempt judgment, they contend that the trial court erred (1) by awarding certain amounts contained in petitioners' supplemental statement for attorney fees that, in respondents' view, should have been included in the original

fee statement; and (2) by awarding costs for items not specifically listed in ORCP 68 A(2). Having considered those arguments, petitioners' responses, and the trial court's rulings, we conclude that the court acted within its discretion under ORCP 68 A(2) and ORCP 68 C(4) in its handling of the issues raised by respondents and that the cases on which respondents rely do not require a contrary conclusion.

Affirmed.