Argued and submitted March 8, affirmed December 15, 2021

Kathleen CAREY
and Corey Goldberg,
*Plaintiffs-Appellants,*

*v.*

David SIEPMANN,
an individual;
McMinnville Imaging Associates, LLC,
an Oregon limited liability company;
and McMinnville Imaging Associates, LLP,
an Oregon limited liability partnership,
*Defendants-Respondents.*

Yamhill County Circuit Court
18CV53480; A172446

502 P3d 757

Cynthia L. Easterday, Judge.

James Mills argued the cause and filed the briefs for appellants.

Matthew J. Kalmanson argued the cause for respondents. Also on the brief was Hart Wagner LLP.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Plaintiffs appeal a judgment dismissing their claims for defamation, intentional infliction of emotional distress (IIED), and loss of consortium, arising out of an employment-related dispute with defendants. For the following reasons, we affirm.

The following is a summary of the historical facts alleged in plaintiffs' complaint. Plaintiff Carey received her Oregon medical license in 2016. In March 2017, she began working at McMinnville Imaging Associates, LLP (MIA)—initially part-time and later full-time—which was her first job as a radiologist. On September 15, 2017, Carey had a negative interaction with her supervisor, Siepmann, who was dissatisfied with her work. Siepmann berated Carey about errors in her work to the point that she cried, and he sent her home early. Later that day, Carey voluntarily resigned her privileges at a nearby hospital.[1] Carey's employment agreement with MIA provided that the employment relationship would "terminate immediately" in a number of events, one of which was her losing privileges to practice at the nearby hospital. On September 19, 2017, Siepmann sent an email to Carey, in which he acknowledged her resignation of hospital privileges and told her that he had "officially terminated" her employment with MIA as of September 16, 2017.

In October 2017, Carey obtained new employment with a hospital system in Arizona, with an expected start date in 2018. Carey sought to obtain a temporary job for the interim, applying first for a job in South Dakota and later for a job in Astoria. In connection with the South Dakota application, Siepmann completed an employment verification form, answering "no" to a yes/no question as to whether Carey's job performance had been satisfactory and stating, in response to a request for explanation, "Employment terminated because of quality concerns and report accuracy issues." Two weeks later, Siepmann sent a letter detailing the circumstances of Carey's termination, which plaintiffs describe as "a belated attempt to correct his false statement

---

[1] According to the complaint, Carey resigned her privileges "due to her dissatisfaction with the abusive working environment created by [Siepmann]." There is no allegation that she communicated that reason to Siepmann or MIA.

on the employment verification form, by acknowledging the true circumstances of [Carey's] separation from MIA." Carey did not get the South Dakota job. As for the Astoria job, Siepmann submitted an employment verification form that stated that there were quality concerns regarding Carey's work. Carey nonetheless got that job. Carey worked in Astoria for a month, before starting her permanent job in Arizona in April 2018.

Carey and her husband, Goldberg, filed this action against defendants. In the operative complaint, Carey asserted claims for defamation and IIED, and Goldberg asserted a claim for loss of consortium. Defendants moved to dismiss all claims under ORCP 21 A(8), for "failure to state ultimate facts sufficient to constitute a claim." The trial court granted the motion and dismissed all three claims with prejudice.

Plaintiffs appeal, raising three assignments of error, one as to each claim. We review the dismissal of a claim under ORCP 21 A(8) for legal error. *Chang v. Chun*, 305 Or App 144, 147, 470 P3d 410 (2020). The question is whether the allegations in the complaint are legally sufficient to give rise to the stated claim, when those allegations are viewed in the light most favorable to plaintiffs, including any reasonable inferences, and accepted as true. *Id*.

*Defamation claim.* The trial court dismissed Carey's defamation claim on the ground that Siepmann's statements on the employment verification forms (the alleged defamation) were protected by "absolute privilege." *See Ramstead v. Morgan*, 219 Or 383, 387-88, 347 P2d 594 (1959) (explaining that statements made in quasi-judicial proceedings are absolutely privileged, so as to ensure that people may speak freely). Carey contests the applicability of that doctrine in these circumstances. Defendants defend the court's ruling on absolute privilege, while also asserting "qualified privilege" as an alternative basis to affirm. *See Lewis v. Carson Oil Company*, 204 Or App 99, 103, 127 P3d 1207, *rev den*, 341 Or 245 (2006) ("A qualified privilege to make a defamatory statement arises when the statement is made to protect the interests of the plaintiff's employer or it is on a subject of mutual concern to the defendant and those to whom it

is made." (Internal quotation marks omitted.)); ORS 30.178 (regarding qualified privilege for employers to disclose information about a former employee's job performance to a prospective new employer). Defendants argued qualified privilege in their motion to dismiss, but the trial court did not rule on it.

Carey acknowledges that Siepmann's statements are subject to qualified privilege, but she contends that the facts contained in the complaint, if proved, would allow a jury to find that Siepmann "lied" on the employment verification forms, thereby abusing the privilege and losing its protection. *See Lewis*, 204 Or App at 104 (stating that, "[w]hen a defendant properly raises a qualified privilege, the plaintiff has the burden of proving that the defendant lost that privilege," and describing how the privilege may be lost). "'Unless only one conclusion can be drawn from the evidence, the determination of the question whether the privilege has been abused is for the jury.'" *Murphy v. Harty*, 238 Or 228, 248, 393 P2d 206 (1964) (quoting *Prosser on Torts* (2d ed) 629 § 95).[2]

We need not decide the correctness of the trial court's ruling on absolute privilege. At the least, Siepmann's statements on the employment verification forms were protected by qualified privilege, and we agree with defendants that the facts contained in the complaint would be insufficient, if proved, to establish abuse of the privilege. The trial court did not err in dismissing the defamation claim.[3]

---

[2] Because of the burden shifting involved, qualified-privilege issues are often decided on summary judgment, rather than a motion to dismiss. *See, e.g.*, *Lewis*, 204 Or App at 104 (affirming grant of summary judgment to the defendant, where the plaintiff argued that a jury could find that the defendant abused the qualified privilege, but the evidence was insufficient to create a triable fact issue). In this case, the parties agree that the dispositive question is whether the factual allegations in plaintiffs' second amended complaint, if proved, would allow a jury to find abuse. Because the parties agree on the framing of the issue, we address the issue as framed. We need not consider and express no opinion on whether the court's ruling might be better characterized as a summary judgment ruling.

[3] The qualified-privilege issue was argued below and is properly before us as an alternative basis to affirm. *See Sherertz v. Brownstein Rask*, 314 Or App 331, 341, 498 P3d 850 (2021) (summarizing when and how we consider alternative bases to affirm). In other circumstances, we might affirm the dismissal of the defamation claim but remand for the trial court to consider allowing leave to amend

*IIED claim.* The trial court dismissed Carey's IIED claim for failure to allege facts sufficient to state a claim. Carey argues that her allegations were legally sufficient. We agree with the trial court that they were not. The trial court did not err in dismissing Carey's IIED claim.

*Loss-of-consortium claim.* The trial court dismissed Goldberg's loss-of-consortium claim for failure to allege facts sufficient to state a claim. Goldberg makes a minimally developed argument that his allegations were legally sufficient. We agree with the trial court that they were not. The trial court did not err in dismissing Goldberg's loss-of-consortium claim.

Affirmed.

---

the complaint. Here, however, plaintiffs were already given the opportunity to amend after their first amended complaint was dismissed on immunity grounds, the trial court expressly denied further leave to amend because plaintiffs "had three opportunities to allege facts in their complaint sufficient to establish a claim but were unable to do so," and plaintiffs have not assigned error to that ruling.