Argued and submitted March 7, affirmed April 6, 2022

GREENLEAF AUTO REPAIR, LLC,
an Oregon limited liability company,
*Plaintiff-Appellant,*
*and*

Steve WILLIAMS,
*Plaintiff,*

*v.*

IDEAL AUTO WORKS, LLC,
an Oregon limited liability company, and
Bradley Rupert Crosse, an individual,
*Defendants,*

*and*

Julie CROSSE,
*Defendant-Respondent.*

Multnomah County Circuit Court
19CV22664; A175092

509 P3d 750

Thomas M. Ryan, Judge.

Zachary J. Dablow argued the cause and filed the briefs for appellant.

William Tyler Griffith argued the cause for respondent. Also on the brief was Griffith Law, P.C.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Plaintiff Greenleaf Auto Repair, LLC, appeals a general judgment of dismissal pursuant to ORCP 21 and a fee award. We affirm.

In reviewing the motion to dismiss, we recite the material facts as alleged in the complaint, drawing any reasonable inferences in the light most favorable to plaintiff, and review the trial court's decision for legal error. *Chang v. Chun*, 305 Or App 144, 147, 470 P3d 410 (2020). Plaintiff entered into a consignment agreement with defendant Ideal Auto Works, LLC (Ideal), whereby Ideal would sell some of plaintiff's vehicles, then the parties would split the profits evenly. Ideal sold the vehicles but failed to turn over plaintiff's share of the proceeds. Plaintiff sued Ideal and Ideal's sole member, Julie Crosse.[1]

The complaint contained three claims for relief: breach of contract, conversion, and piercing the corporate veil. Crosse and Ideal jointly filed a motion to dismiss for failure to state a claim pursuant to ORCP 21 A(8). After a hearing, the trial court dismissed all claims against Crosse and the conversion claim against Ideal. The court also granted defendants' requests for attorney fees for the conversion claims and the breach of contract claim against Crosse, but not for the veil-piercing claim. It further awarded a $1,000 enhanced prevailing party fee to Crosse and stayed determination of Ideal's motion for an enhanced prevailing party fee. The court later reduced its order to a general judgment indicating that Ideal's claim for an enhanced prevailing party fee would be decided by supplemental judgment.[2]

We reject plaintiff's first assignment of error without discussion. In its second assignment of error, plaintiff contends that the trial court erred in dismissing the conversion claims against Ideal and Crosse. As plaintiff appeared to acknowledge below, a breach of contract claim does not by itself support a theory of conversion. Plaintiff's current

---

[1] Plaintiff also sued Crosse's son, Bradley Rupert Crosse, who signed the contract on behalf of Ideal. He never appeared in the case and was eventually defaulted.

[2] Plaintiff also asserted a breach of contract claim against Ideal, which is not at issue on appeal.

argument on appeal—that consignment proceeds are "specific money" and thus can be converted—is unpreserved and unavailing. *See Wood Ind'l Corp. v. Rose*, 271 Or 103, 108, 530 P2d 1245 (1975) (proceeds from a distribution agreement are not "specific money").

Plaintiff also assigns error to the trial court's dismissal of the breach of contract claim against Crosse. As the trial court correctly determined, the complaint fails to allege facts that would support that Crosse, rather than the LLC of which she is a member, is a party to the contract. Plaintiff's arguments on appeal are unpreserved and fail to demonstrate that the trial court erred.

Plaintiff next assigns error to the trial court's dismissal of the veil-piercing claim. In order to succeed on a piercing the corporate veil theory of liability, the plaintiff must show that (1) the individual had actual control of the corporation; (2) the individual used their control of the corporation to engage in improper conduct; and (3) the plaintiff was harmed as a result of that improper conduct. *State ex rel Neidig v. Superior National Ins. Co.*, 343 Or 434, 454-55, 173 P3d 123 (2007). The complaint contains no allegations that support the third prong, causation. It alleges that defendants "co-mingled" the proceeds from the sale of the vehicles with their personal funds and that plaintiff "has been unable to collect" its share of the profits, but contains no ultimate facts drawing a causal connection between those two allegations. *See also id*. at 445 ("[P]iercing the corporate veil is an extraordinary remedy which exists as a last resort, where there is no other adequate and available remedy to repair plaintiff's injury." (Citation and internal quotation marks omitted.)). Accordingly, the trial court did not err.

Finally, plaintiff assigns error to the trial court's grant of attorney fees and a prevailing party fee on the conversion claim and the breach of contract claim against Crosse. As relevant here, ORS 20.105 provides that "the court shall award reasonable attorney fees" to a prevailing party if "there was no objectively reasonable basis" for the opposing party's claim. ORS 20.105(1). ORS 20.190(3) provides that the court "may award to the prevailing party up

to an additional $5,000 as a prevailing party fee" after considering eight factors, one of which is "[t]he objective reasonableness of the claims and defenses asserted by the parties." ORS 20.190(3)(b). We review the ultimate decision to award attorney fees for abuse of discretion, but we review whether plaintiff's claim was "objectively reasonable" as a matter of law. *North Marion Sch. Dist. #15 v. Acstar Ins. Co.*, 206 Or App 593, 606-07, 138 P3d 876 (2006).

We conclude that the trial court did not abuse its discretion and properly determined that plaintiff's claims were objectively unreasonable. The conversion claims were entirely devoid of legal support and the breach of contract claim against Crosse was entirely devoid of factual support. *See id.* at 607 ("Generally, a party lacks an objectively reasonable basis for a position only if that position is entirely devoid of legal or factual support at the time it was made." (Citations and internal quotation marks omitted.)).

Affirmed.